161 So.2d 235 (1964)
MORSE AUTO RENTALS, INC., a Florida corporation, Appellant,
v.
George Samuel LEWIS, Appellee.
No. 63-308.
District Court of Appeal of Florida. Third District.
February 18, 1964.
Rehearing Denied March 17, 1964.
*236 Fred Patrox, Miami, for appellant.
Blackwell, Walker & Gray and Melvin Boyd, Miami, for appellee.
Before BARKDULL, C.J., and HORTON and TILLMAN PEARSON, JJ.
BARKDULL, Chief Judge.
This case involves the validity of a summary judgment rendered on a cross-claim. The record reveals that the appellee, Lewis, leased an automobile from Morse Auto Rentals, Inc., which rental agreement contained the following statement relative to insurance:
"Rates Include $100/300,000 Public Liability & $10,000 Property Damage Insurance".
During the period covered by the rental agreement, Lewis was involved in an automobile accident with one Laurence Mirsky. Thereafter, suit was instituted against Lewis as the driver of the vehicle and against the appellant as the owner thereof by the said Laurence Mirsky, in which action Morse Auto Rentals, Inc., crossclaimed against Lewis to recover any damages it might sustain as a result of the original proceedings. Both the appellant and the appellee moved for summary judgments, and the trial court granted a summary judgment relieving the appellee, Lewis, of any liability to the appellant, Morse Auto Rentals, Inc. Following a jury verdict in favor of Laurence Mirsky and the final judgment thereon, the appellant appeals and assigns as error the summary judgment releasing the appellee, Lewis, of any liability on the cross-claim.
As a normal rule, the owner of a car [who is liable only vicariously to a third person because of an automobile accident] is entitled to recover from the driver of the vehicle who was the actual tort feasor. See: Suwanee Valley Elec. Co-op. v. Live Oak, Perry & Gulf R. Co., Fla. 1954, 73 So.2d 820; Fincher Motor Sales, Inc. v. Lakin, Fla.App. 1963, 156 So.2d 672; 7 Fla. Jur., Contribution, § 8. However, the appellee contends that there is an exception to this general rule that releases the active tort feasor from liability as to the owner of the vehicle, when in fact the lessee thereof has compensated the owner for liability insurance. See: American Fidelity and Casualty Company v. Simmons, 4th Cir.1958, 253 F.2d 634; Lusk-Harbison-Jones. Inc. v. Universal Credit Co., 164 Miss. 693, 145 So. 623; Dahlhjelm Garages v. Mercantile Insurance Co., 149 Wash. 184, 270 P. 434. We agree with the appellee's position, and affirm the entry of the summary judgment in this case, when it was obvious from the fact that the cause was instituted in the Civil Court of Record [whose maximum jurisdiction is $5,000.00], and any recovery would be within the limits of the insurance agreed to be provided by the lessor under the rental agreement. A different situation might possibly exist if the action had been instituted in a court of unlimited jurisdiction, which might have resulted in a judgment against the owner of the vehicle in excess of the amount contracted to provide. However, it is not necessary to decide that at this time.
*237 It appears, in the instant case, that the appellant [for compensation] agreed to secure insurance for the appellee. The driver, having paid the compensation to secure the protection in this situation, should not be required to respond to the owner of the vehicle for any damages recovered by a third person. We concur with the appellee that this should be a recognized exception to the general rule that one vicariously liable can recover from the active tort feasor. Therefore, no error having been demonstrated in the ruling of the trial judge, same be and it is hereby affirmed.
Affirmed.