HENDRY, Judge.
This is a consolidated appeal arising out of two automobile negligence suits. The questions raised on appeal relate to indemnification and insurance coverage.
The appellants are Ronald Roth (“Driver”) and State Farm Mutual Automobile Insurance Company (“State Farm”). There are two sets of appellees: (1) Yellow Rent-A-Car (“Owner”) and its insurer, Old Republic Insurance Company (“Old Republic”); and (2) Ira L. Plax (“Renter”) and his insurer, North River Insurance Company (“North River”).
State Farm, the insurance carrier of Driver, who was a minor driving the rented automobile, contends: (a) Driver was also covered by the Old Republic policy issued to Owner, under the implied consent rule of the dangerous instrumentality doctrine; (b) Driver was covered by the Old Republic policy because, prior to the accident, that policy was certified as proof of financial responsibility for the future, under Ch. 324, Fla.Stat., F.S.A., thereby amending the Old Republic policy by operation of law, and also such certification made applicable an express policy provision that it covered persons using the car with the owner’s implied consent; (c) since Driver was covered under the Old Republic policy, he was also covered under the North River policy of the Renter because of the implied permission of the Owner, the express permission of Renter, or application of the dangerous instrumentality doctrine; (d) State Farm is entitled to restitution for settlement paid to the injured pedestrian; (e) State Farm's fund is only excess and not primary,— rather, Old Republic’s fund is primary, We affirm the judgments and orders appealed.
An automobile owner held vicariously liable for negligence of a driver is entitled to common law indemnity. Fincher Motor Sales, Inc. v. Lakin, Fla.App.1963, 156 So.2d 672, 674. However, where the owner has liability insurance affording coverage to the negligent driver, then the owner may not be indemnified. Morse Auto Rentals, Inc. v. Lewis, Fla.App.1964, 161 So.2d 235.
Nevertheless, the line of cases represented by Morse Auto Rentals, Inc. v. Lewis, Fla.App.1964, 161 So.2d 235, is distinguished in Hertz Corporation v. Richards, Fla.App.1969, 224 So.2d 784. There, the renter of a leased automobile permitted it to be driven by a person excluded from coverage in the liability policy for which the renter paid the owner, and the owner was held entitled to indemnification from a negligent, permissive driver.
In the case here, the parties stipulated that the rental charge paid by Renter included a cost factor representing owner’s liability insurance premiums, although the rental contract is silent as to liability coverage. Also, while the rental contract is silent as to insurance, Renter signed for and paid for “full coverage *493 collision protection” insurance. The lease contract here provides:
“Renter agrees and certifies as follows :
* * * * * *
“4. That the rented automobile will not be operated by anyone other than the undersigned renter without the express written consent of Yellow Rent-A-Car.”
Renter-Plax gave the car to Driver-Roth, but Driver, a minor, did not have the express written consent of the Owner-Yellow Rent-A-Car, which constituted a breach of the rental agreement.
Therefore, upon these fact, we conclude that the instant case falls within the general rule of Fincher Motor Sales, Inc. v. Lakin, Fla.App.1963, 156 So.2d 672. The instant case is substantially like Hertz Corporation v. Richards, Fla.App. 1969, 224 So.2d 784, and does not fall within the rule or policy enunciated in Morse Auto Rentals, Inc. v. Lewis, Fla.App. 1964, 161 So.2d 235.
State Farm next contends that at the time of the accident Driver had the “implied consent” of Owner to drive the rental car sufficient to bring Driver within the coverage of Owner’s liability insurance policy. State Farm reasons that because the Owner’s liability policy was, prior to the accident, certified as proof of financial responsibility for the future, under § 324.161, Fla.Stat., F.S.A., the insurance coverage was extended to a driver with only implied, and not express, permission. We set out the contract language in a note.[1] We reject this claim upon two grounds. First, in contests between insurance companies as to which one will pay the final bill, and where all innocent parties are fully protected, the concept of implied consent in the Financial Responsibility Law, Ch. 324, Fla.Stat., F.S.A., ought not to be applied to the construction of contracts. Recent cases support the rule that the implied consent rule in tort law should not be carried over to contract actions. Winters v. Phillips, Fla.App.1970, 234 So.2d 716; Continental Insurance Company v. Pan American Fire and Casualty Company, Fla.App. 1970, 237 So.2d 43. Second, assuming that “implied consent” became a part of the insurance contract, such “implied consent” has not been demonstrated in the evidence here.
Because of our decision on the questions of indemnity, we need not pass upon the questions of insurance coverage, i. e., the ultimate and subsidiary questions of whether State Farm’s fund is “primary,” as the lower court ruled, or “excess.”
*494 No reversible error having been demonstrated, we affirm the orders and judgments here appealed.
Affirmed.

. “Ill, Definition of Insured: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word ‘insured’ includes the named insured and, if the named insured is an individual, his spouse if a resident of the same houseold, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either.”
* * % * *
“9. Financial Responsibility Laws— Coverages A and B: When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state or province, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of .liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.”
* * * * *
“26. Terms of Policy Conformed to Statute: Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes.”