269 So.2d 3 (1972)
Ronald ROTH and State Farm Mutual Automobile Insurance Company, Petitioners,
v.
OLD REPUBLIC INSURANCE COMPANY and North River Insurance Co., Respondents.
No. 40798.
Supreme Court of Florida.
May 3, 1972.
Rehearing Denied December 11, 1972.
*4 Richard J. Thornton of Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for petitioners.
L. Norton Preddy of Preddy, Haddad, Kutner & Hardy, and James A. Smith of Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for respondents.
ERVIN, Justice.
This cause is before us on petition for writ of certiorari to the District Court of Appeal, Third District. Petitioner correctly contends that court's decision in Roth v. Cannel, Fla.App. 1970, 242 So.2d 491, is in conflict with the decision of this Court in Susco Car Rental System of Florida v. Leonard, Fla. 1959, 112 So.2d 832.
From the facts of the case it appears one Ira Plax came to Miami Beach from New York and rented an automible from Yellow Rent-A-Car for a one-week period. His rental fee included an item representing the lessor's premiums for automobile liability insurance coverage for the rented car. When Plax signed the rental contract he agreed:
"That the rented automobile will not be operated by anyone other than the undersigned renter without the express written consent of Yellow Rent-A-Car."
Plax left Miami before the expiration of the rental period and he turned the car over to the 18-year-old petitioner, Roth. Yellow Rent-A-Car did not consent to the exchange. The day Plax departed, Roth, while driving the automobile, struck two elderly women pedestrians. Both were seriously injured, and one died as the result of the accident.
The surviving woman and her husband and the administrator of the estate of the deceased woman filed damage suits against Roth and his mother, Plax, and Yellow Rent-A-Car. A multitude of interventions and crossclaims ensued, and three insurance companies became involved in the action. They are: Petitioner State Farm Mutual Automobile Insurance Company (Roth's insuror); Respondent Old Republic Insurance Company (Yellow Rent-A-Car's insuror, which insured Yellow Rent-A-Car under a single limit policy of $1,000,000 applying to all its rental cars), and North River Insurance Company (Plax's insuror). Settlements were made with the tort-claimants; State Farm advanced the funds with the approval of all parties, without prejudice to judicial determination of questions of indemnity or restitution.
The instant action arose out of a conflict among the insurors as to who is ultimately and primarily liable for the amounts paid the claimants. The trial judge entered a summary judgment against Roth allowing Yelow Rent-A-Car and Plax to receive indemnity from him; he also entered a summary judgment holding State Farm primarily liable and denying its claim for restitution. He based his ruling on the fact that Roth had not received Yellow Rent-A-Car's permission (either directly or by implied consent) to drive the vehicle. Roth and State Farm appealed to the District Court of Appeal, Third District, naming as appellees Yellow Rent-A-Car and Old Republic, and Plax and North River.
The District Court of Appeal affirmed the trial judge. That court held that a lessor of a vehicle is entitled to common law indemnification when damage is caused through the negligence of a lessee's permittee who was not authorized to drive the vehicle under the agreement between the owner and lessee. This decision is in direct conflict with our Susco decision, which is controlling in this case.
In Susco, a Mr. Salicetti rented an automobile from Susco Car Rental System of Florida, Inc. Under the rental agreement *5 Salicetti agreed that no one other than himself would drive the automobile without the express consent of the rental agency. However, the automobile was being driven with Salicetti's consent by Domingo Gonzales, but without Susco's permission at the time it was involved in an accident. This court was faced with the question of "... `whether or not the owner company is relieved of responsibility for damages resulting from the operation of the vehicle by someone other than the person to whom it was rented, when such operation is contrary to the expressed terms of the printed contract, and the oral instruction ... at the time of rental.'" (Susco, text 244.) This Court held Susco liable saying:
"On the fundamental issue, the simple but sound statement of the district court [Leonard v. Susco Car Rental System of Florida, Fla.App. 1958, 103 So.2d 243, 247] can be unequivocally endorsed:
`When this defendant [the automobile rental agency] turns over an automobile to another for a price, he in actuality intrusts that automobile to the renter for all ordinary purposes for which an automobile is rented. The fact that the owner had a private contract or secret agreement with the renter cannot make such restrictions a bar to the rights of the public. The restrictions agreed upon do not change the fact that the automobile was being used with the owner's consent. Nor does it appear that the car was not being used for the purpose for which it was rented i.e., the pleasure, convenience or business of the renter.'
"That opinion contains a thorough and exhaustive treatment of the development of the dangerous instrumentality doctrine in Florida, with which we are in substantial accord. [Footnote omitted.] To this we might add an observation that, whatever may have been the deviations from this course, the logical rule, and, we think, the prevailing rationale of the cases, is that when control of such a vehicle is voluntarily relinquished to another, only a breach of custody amounting to a species of conversion or theft will relieve an owner of responsibility for its use or misuse. The validity or effect of restrictions on such use, as between the parties, is a matter totally unrelated to the liabilities imposed by law upon one who owns and places in circulation an instrumentality of this nature." (Susco Car Rental System of Florida v. Leonard, 112 So.2d at 835-836.)
The insurer of the owner's automobile is therefore primarily liable for injuries inflicted because of the negligent operation of the automobile under our holding in Susco.
However, it is contended by Respondents that Susco is not conclusive of the issue of liability as among the parties here; that Susco only decided that a rental car owner is liable to injured third party members of the public irrespective of whether its lessee or his permittee may be driving the rental car causing the injury; but that the issue to be decided here is whether the driver tort-feasor Roth, or, rather, his insurer, State Farm Mutual Automobile Insurance Company, who issued its policy to Roth's mother, is entitled to indemnity or restitution from Yellow Rent-A-Car or its insurer, Old Republic Insurance Company, for the amounts State Farm paid for the injury of the two women because of Roth's negligence.
We do not think that Yellow Rent-A-Car and its insurer, Old Republic Insurance Company, can escape ultimate primary liability for the accident. Its automobile was rented to Plax, who, as lessee or bailee, paid the item of premium for the insurance coverage afforded by Old Republic. If Plax had been driving the rented car at the time of the accident, unquestionably, as a permittee of the named insured, he would have been protected by the Old Republic Insurance policy for which he had paid an amount allocated as premium. Furthermore, *6 Old Republic Insurance Company would not have had any right of indemnity from Plax, as an insured protected by its policy, even though he was the tort-feasor. Morse Auto Rentals, Inc. v. Lewis, Fla. App. 1964, 161 So.2d 235. We conclude Roth, as Plax's permittee, was similarly protected by the Old Republic policy due to legal principles implicit in Susco, as we will hereinafter explain.
The relevant provision in the Old Republic Insurance policy reads in part as follows:
"III. Definition of insured.
(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word `insured' includes the named insured [Yellow Rent-A-Car] and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. ..." (Emphasis supplied.)
Prior to the accident, Old Republic Insurance Company's policy protecting drivers of rental cars of Yellow Rent-A-Car had been certified as proof of financial responsibility and conformed to the State's Financial Responsibility Law, F.S., Chapter 324, F.S.A. Section 324.151(1) (a), F.S., F.S.A., provides:
"An owner's liability insurance policy ... shall insure the owner named therein and any other person as operator using such motor vehicle ... with the express or implied permission of such owner, against loss from the liability imposed by law for damage arising out of the ownership, maintenance, or use of such motor vehicle ..."
It is a contradiction to provide protection in the form of financial responsibility insurance for the owner and the lessee or bailee of a rental car in specific terms and at the same time attempt to preclude this protective coverage for the lessee's or bailee's driver or permittee by a collateral or side agreement which has been declared inoperative under governing law and contrary to the terms of an insurance policy issued in conformity with such law. Susco makes it clear that under circumstances of this kind "implied consent" arises by operation of law and no private contract can avoid it.
Susco recognizes that a bailee or lessee of a rented automobile, similarly as its owner, may permit another to operate it (and often does) and the latter's negligent operation of it renders the owner vicariously liable, together with his liability insurer, under the dangerous instrumentality doctrine, despite an agreement between the owner and the lessee to the contrary. See American Fire & Casualty Co. v. Blanton, Fla.App., 182 So.2d 36, text. 39. A necessary legal corollary to this recognition in Susco is that the owner and the lessee's insurance coverage under financial responsibility (in this instance afforded by Old Republic) covers the lessee's permittee as well. The terms of the Old Republic policy protect Roth because of the Financial Responsibility Law and the policy's conformance therewith, and cannot be varied by the collateral agreement between Yellow and Plax. It follows that Roth or his insurer, State Farm, does not legally have to pay accident claims either directly or by way of indemnification which Old Republic is primarily and specifically required to pay under the terms of its policy for the protection of Roth.
The Susco and Blanton cases recognize that in the very nature of modern automobile use a lessee of a rental car often has to turn the car over to car park, garage, or filling station personnel and others for temporary operation and that it would be unreasonable to negate the rental car agency's liability and its insurance coverage in case of accident because of the existence of a collateral or side agreement of the *7 kind here involved. Often such permittees of rental car lessees temporarily driving rental cars would not be as fortunate as Roth and have the protection of their own personal auto liability insurance coverage, rendering it even more difficult for injured members of the public to recover their losses arising from the negligence of drivers of rental cars.
We believe that Plax's protection afforded by Old Republic for which he paid a premium necessarily inures to Roth, to whom Plax entrusted the motor vehicle; that the collateral or side agreement between Plax and Yellow Rent-A-Car for public policy reasons cannot vary, circumvent or intercept the flow of protection to Roth and injured members of the public emanating from the Financial Responsibility Law which was confirmed by the terms of the policy issued by Old Republic.
The decision and judgment of the District Court are quashed with direction that further proceedings on remand be in accordance herewith.
It is so ordered.
ROBERTS, C.J., and ADKINS and BOYD, JJ., concur.
CARLTON and McCAIN, JJ., dissent.
DEKLE, J., dissents with opinion.
DEKLE, Justice (dissenting):
I must disagree with the majority opinion in this cause, finding no basis for invoking this Court's jurisdiction to consider the merits. This tribunal is a court of limited jurisdiction. The extent of our jurisdiction upon conflicting decisions (the basis asserted here) has been stated many times.
"If the two cases are distinguishable in controlling factual elements or if the points of law settled by the two cases are not the same, then no conflict can arise. [citations omitted]." Kyle v. Kyle, 139 So.2d 885, 887 (Fla. 1962).
Clearly, there is no conflict between the decision of the District Court of Appeal and Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla. 1959), because these two cases do not involve an application of the same point of law and the controlling facts are different. The Susco opinion begins by discussing the jurisdictional power to hear matters of "great public interest," and then this Court considered there the sole issue presented in the district court. The single question on the merits in Susco involved the issue of whether the lessor is liable to the injured party (already paid here) for damages caused by a person driving the rented car contrary to the express provisions of the lease agreement. Of course there is liability to the injured party and no rental contract agreement can prevent it. With that there is complete accord. Here, however, that question has been settled and the respective insurance companies are litigating indemnification  not a question in Susco. No conflict exists.
The majority opinion would destroy valid contractual rights between contracting parties which are guaranteed by the Constitution and our holdings. The parties have the right to contract; rates will vary with the terms thereof. These fundamental rights  on both sides, as to each party and his carrier  must be held inviolate, so long as they do not prevent liability to third parties (as indeed Susco assures). Each may be answerable to third party plaintiffs, subject to rights of indemnification which are dependent upon whose insured, or insureds, negligently caused the injury. A party not negligent should not be held liable, as the majority holding would do.
The negligent driver's insuror, State Farm Mutual Automobile Ins. Co., has compensated the injured party via a settlement. Consequently, this case under review pertains to indemnification and priorities as to liability among carriers which cannot affect the compensated injured parties. Susco is an action by the injured party against the lessor for damages and is not concerned with indemnification or primary liability. This distinction is even expressed *8 in the majority opinion, wherein it recites the holding below and the issue in Susco.
The majority's reference to Morse Auto Rentals, Inc. v. Lewis, 161 So.2d 235 (3d DCA Fla. 1964), and American Fire & Casualty Co. v. Blanton, 182 So.2d 36 (1st DCA Fla. 1966), is likewise inappropriate and does not establish a conflict of decisions. Morse concerns a question of indemnification where the party who rented the automobile caused the accident. That indemnification question is entirely different from the one presented here. The instant case involves indemnification to a third person, not a party to the lease contract. The fact that the third party caused the accident is crucial. If the lessee had been driving at the time of the accident, there is no question that the lessor would be precluded from receiving indemnification. Blanton didn't even involve an indemnification question. There an owner's attempt to limit his son's use of the car did not avoid the insuror's liability under a medical payments provision.
Since the case at bar and these cases involve different points of law and are dissimilar upon controlling facts, this Court lacks jurisdictional conflict and the writ of certiorari should be discharged.