KANEY, FRANK N., Associate Judge.
This is an appeal by an insurance carrier from a trial judge’s decision determining responsibility for the payment of damages to an accident victim. The victim was struck by an automobile driven by Appellant, Dora P. Bernstein, who had a policy of insurance with the Appellant, Hartford Accident and Indemnity Company. The vehicle had been leased from the Appellee, Lauderdale Rent-A-Car, Inc., which had a policy of insurance with the Appellee, Chicago Insurance Company.
The victim sued Dora P. Bernstein as operator of the vehicle, Lauderdale Rent-A-Car, Inc. as owner of the car and their insurance carriers. Pursuant to a stipulated agreement, the Defendants agreed to a reasonable settlement of the victim’s claim and, by cross-claims, present the question of insurance coverage to the trial judge.
The accident which triggered this cause took place on August 5, 1973. Dora P. Bernstein had been insured with the Hartford for a number of years. In 1971, she sold her car and began a series of one year leases with Lauderdale. In February of 1973 she bought the policy of insurance in question. It was for a one year term and it named a 1973 Chevrolet as her car. On August 1, she turned in the Chevrolet and leased a 1973 Buick for a one month period. She did not notify the Hartford. Five days later the accident occurred.
The trial judge entered a finding that the Hartford insured Mrs. Bernstein in her 1973 Buick on the day of the accident, and directing that the Hartford reimburse Chicago Insurance Company for its half of the settlement payment plus its costs in this cause.
Following testimony being taken, the trial court made findings of fact which included the findings that Bernstein’s 1973 Buick was an owned vehicle and that Lauderdale Rent-A-Car, Inc., was a named insured under the Hartford policy.
The law is well settled that an appellate court cannot place itself in the shoes of the trier of fact, if there is competent and substantial evidence which accords with logic and reason before the trier to sustain its verdict. Glass v. Parrish, 51 So.2d 717 (Fla.1951), and State Farm Fire & Casualty Co. v. Hicke, 184 So.2d 685 (Fla. 2d DCA 1966).
Appellants’ reliance on Roth v. Old Republic Insurance Co., 269 So.2d 3 (Fla.1972), is misplaced. This case is factually distinguishable from Roth. In Roth the lessee paid the lessor for insurance. Here, Bernstein was required to procure her own insurance.
Similarly, the recent decision by our Supreme Court in Insurance Company of North America v. Avis Rent-A-Car System, Inc., 348 So.2d 1149 (Fla.1977, Opinion filed May 12,1977), is distinguishable on its facts from this case. In that case the Supreme Court was dealing with claims for excess over the basic coverage provided the lessor by the contract. In the instant case the $37,500 claimed was within the $100,000 limits set by the Hartford policy.
We have carefully considered the Appellants’ other contentions and have determined that they are without merit. There *364 fore the Final Judgment entered in the court below is AFFIRMED.
ALDERMAN, C. J., and DAUKSCH, J., concur.