362 So.2d 340 (1978)
TRUCK DISCOUNT CORPORATION and Allstate Insurance Company, Appellants,
v.
Shirley A. SERRANO, As Administratrix of the Estate of Ignacio Serrano, Deceased, Appellee.
No. FF-486.
District Court of Appeal of Florida, First District.
August 9, 1978.
Rehearing Denied September 19, 1978.
*341 Marion R. Shepard of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellants.
Carl D. Dawson of Dawson, Galant, Maddox, Sulik & Nichols, Carle A. Felton, Jr. of Boyd, Jenerette, Leemis & Staas, Jacksonville, for appellee.
ERVIN, Judge.
This appeal concerns the question of which insurer bears the burden of indemnity following a settlement by the insurers of three party defendants to the tort claimant's estate in a wrongful death action.
Ignacio Serrano died when his vehicle was struck by a tractor owned by appellant, Truck Discount Corporation. The tractor had been leased by Truck Discount to Davis Transport and Rental. The tractor in turn was sub-leased by Davis to Lone Star Holding Company, the employer of the driver who was involved in the accident with Serrano. The parties settled the wrongful death action for $250,000. All three insurers provided their insureds with primary maximum coverage of $100,000 per person. Under the agreement, Allstate, Truck Discount Corporation's insurer, paid $50,000; Continental Insurance, Davis Transport and Rental's insurer, paid $100,000, and Hartford, Lone Star's insurer, paid $100,000. Continental Casualty Company, the excess carrier for Davis, made no contribution. It was agreed among the parties that a future judicial determination of the liability among the insurers would be made.
In its final judgment the trial court concluded that Allstate had primary coverage with limits of $100,000 but paid only $50,000 toward the agreed settlement of $250,000; that Continental Insurance Company properly paid its limits of $100,000; that Hartford was a basic insurer following the coverages of Allstate and Continental Insurance Company with limits of $100,000 and it paid its limits of $100,000 toward the agreed settlement; that Continental Casualty Company, the excess carrier of Davis, had excess coverage to the primary coverages of Allstate, Continental Insurance and Hartford, whose combined primary limits totaled $300,000. It concluded that the primary limits of the three insurers were not exceeded; therefore, Continental Casualty Company's excess coverage was not involved. Hartford was allowed to recover $50,000 from Allstate, which appeals.
*342 The Florida dangerous instrumentality doctrine places primary liability upon the owner for damages caused as a result of negligence in the use of the instrumentality. The owner, however, is normally entitled to indemnity from his permittee. His right of indemnity is subject to the exception that if the owner leases a vehicle to another, and the lease provides that insurance will be furnished to the lessee, the lessor will be denied indemnity. Morse Auto Rentals, Inc. v. Lewis, 161 So.2d 235 (Fla. 3d DCA 1964); Bordettsky v. Hertz Corporation, 171 So.2d 174 (Fla. 2d DCA 1965); Morse Auto Rentals, Inc. v. Papandrea, 180 So.2d 351 (Fla. 3d DCA 1965). In the instant case the lease agreement between Truck Discount and Davis specifically provided that Davis would maintain at its own expense an insurance policy providing primary coverage of $100,000 per vehicle per person. Davis obtained such insurance through Continental Insurance Company. The lease also stated, "lessee agrees to indemnify and save harmless the lessor from and against all claims, demands, liability and expenses whatsoever ... for which lessor is not fully reimbursed and protected by the insurance provided for in the section of the lease." Davis' excess insurance limits with Continental Casualty were $5,000,000.
We find nothing in the insurance policy of Continental Casualty which precludes Continental Casualty from indemnifying Allstate. Coverage "A" of Continental Casualty's policy provides in part:
Coverage A  Excess Liability Insurance. The company will indemnify the insured for loss in excess of the total applicable limits of liability of underlying insurance stated in the schedule. The provisions of the immediate underlying policy are, with respect to Coverage A, incorporated as a part of this policy except for any obligation to investigate and defend and pay for costs and expenses incident to any of the same, the amounts and the limits of liability, an "other insurance" provision and any other provisions which are inconsistent with this policy. (Emphasis supplied)
The provisions of the underlying policy were of course those of Truck Discount's primary insurer, Continental Insurance Company. The underlying policy specifically obligated the insurer to pay on behalf of the insured "all sums which the insured, by reason of contractual liability, ... shall become legally obligated to pay because of bodily injury... ." Coverage "A" of Davis' policy with its excess carrier adopted the provisions of the underlying policy which had obligated it to pay all sums that the insured, by reason of contractual liability, assumed. Continental Casualty argues, however, there is language under a separate section, coverage "B", which excludes Allstate's claim for indemnity since it in effect requires that all primary insurance be exhausted before the excess coverage is activated. We do not believe the exclusionary language under coverage "B" has any applicability to Allstate's claim. Coverage "B" applies where either the occurrence or damages are "not covered by underlying insurance". Since both the occurrence and damages were covered by Truck Discount's primary insurer, Continental Insurance Co., coverage "B" cannot act as a bar to Allstate's claim.
Neither do we believe the case law in Florida precludes Allstate from indemnification. Hartford argues that the owner's insurer may not be indemnified because (1) the owner was primarily responsible for injury to a third person, citing Lynch v. Walker, 159 Fla. 188, 31 So.2d 268 (1947); Leonard v. Susco Car Rental System of Florida, 103 So.2d 243 (Fla. 3d DCA 1958); Spurgeon v. State Farm Mutual Insurance Company, 169 So.2d 343 (Fla. 1st DCA 1964); Hartford Accident and Indemnity Co., Inc. v. Liberty Mutual Insurance Co., 277 So.2d 775, 777 (Fla. 1973), and (2) an owner's insurer is not entitled to indemnity from its insured for payment made to an injured third person as a result of the negligence of its insured. Morse Auto Rentals, Inc. v. Lewis, 161 So.2d 235 (Fla.3d DCA 1964); Ray v. Earl, 277 So.2d 73, 76 (Fla.2d DCA 1973). None of the cases relied upon by Hartford involved lease agreements in *343 which the lessee agreed to maintain at its own expense liability insurance policies and to indemnify the lessor against all claims.
While there is language in Roth v. Old Republic Insurance Co., 269 So.2d 3 (Fla. 1972), which suggests that the owner may not be indemnified by its lessee or the lessee's permittee because the owner has ultimate primary liability, we believe, as later opinions have held, Ins. Co. of North America v. Avis Rent-A-Car, 348 So.2d 1149 (Fla. 1977) and National Indemnity Company v. The Home Insurance Company, 345 So.2d 1077 (Fla. 3d DCA 1977), that Roth should be limited to its facts. In Roth, the Supreme Court denied indemnity to the owner's insurer from the lessee's permittee who had caused the accident. The rental contract had provided that the automobile could not be operated by anyone other than the lessee without the written consent of the owner. The lessee, however, permitted Roth to drive. The lessor's insurer contended that the insurance which it provided to the owner and persons using the car with the owner's permission did not extend to one who was driving without such permission. The Supreme Court rejected the insurer's claim, holding that since the lessee had paid for the insurance, the lessee's protection for which the lessee had paid a premium necessarily inured to the permittee and that any contractual provision precluding coverage to anyone other than the lessee without the express consent of the owner was contrary to public policy.
As the court observed in National Indemn. Co. v. Home Ins. Co., supra, the facts in Roth were distinguishable from those before it (as well as here) in two respects: First, the lease agreement provided that the lessee was to indemnify and hold harmless the lessor from losses arising from use of the vehicle. Second, the lessee was required to procure her own insurance, independent of any insurance the lessor was forced to procure. Here, Allstate's claim for indemnity from its lessee's excess carrier is not barred because Lone Star was an insured under the owner's insurance with Allstate.[1] Here, as in Ins. Co. of North America v. Avis Rent-A-Car, supra, multiple layers of insurance were available to the injured party. No concept of public policy is violated by the parties' agreement as to which one should bear the loss. The primary limits of coverage provided by the three insurers were sufficient to meet the tort claimant's demands. So long as such coverage was sufficient, "[t]he parties were free to contract between themselves to shift the burden of loss... ." Id. at 1154. We recently held in another case involving a similar question of indemnity that parties were at liberty to so contract. Hertz Corp. v. Pugh, 354 So.2d 966 (Fla. 1st DCA 1978).
It is of course true in Avis the court allowed the lessor's insurer to pursue indemnification from the lessee's insurer only after Avis' primary coverage per person was exhausted. The same result does not apply here because in Avis the lessor's carrier was required by the rental agreement to provide primary coverage of $100,000 per person for which the lessee paid a premium. Here, as in National Indem. Co. v. Home Ins. Co., supra, the lessee was required to procure its own insurance. Allstate as a consequence is entitled to be indemnified from Continental Casualty Company for all sums it paid toward the agreed settlement of $250,000 to the tort claimant.
The judgment is reversed and remanded to the trial court with directions that the judgment against Allstate be vacated and that judgment be entered against Continental Casualty Company as the primary excess carrier.
REVERSED AND REMANDED.
McCORD, C.J., and MILLS, J., concur.
NOTES
[1] Allstate's policy, in describing "persons insured," includes persons using an automobile with the permission of the named insured, provided his use is within the scope of the named insured's permission.