415 So.2d 43 (1982)
Paul PATTON, Appellant,
v.
LINDO'S RENT-A-CAR, INC., and American Southern Insurance Company, Appellees.
No. 81-1718.
District Court of Appeal of Florida, Second District.
May 7, 1982.
Rehearing Denied June 14, 1982.
*44 Donald V. Bulleit of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellant.
Peter H. Dubbeld of Watson, Goldstein, Earle, Douglass & Dubbeld, P.A., St. Petersburg, for appellees.
SCHOONOVER, Judge.
This is an interlocutory appeal from a summary judgment on a cross-claim holding that the lessee of a motor vehicle was obligated to provide primary liability insurance coverage on a rented vehicle notwithstanding the lessor's failure to comply with section 627.7263, Florida Statutes (1979). We reverse.
On December 16, 1979, the appellant, third-party defendant, Paul Patton, rented an automobile from the appellee, third-party plaintiff, Lindo's, who was insured by appellee American Southern Insurance Company, hereinafter referred to as American Southern.
The appellant, a Canadian citizen, carried liability insurance on his personal automobile with Ontario Motorist's Insurance Company, a Canadian corporation.
On December 18, 1979, the appellant was operating the leased vehicle when it collided with a vehicle owned and operated by Will Howard. Howard, a nominal appellee in this appeal, filed suit against Lindo's and American Southern in August 1980. The appellees answered the complaint and filed a third-party complaint for indemnity against the appellant and his insurer alleging that the latter had primary coverage for the damages sought by Howard. The appellant answered the third-party complaint and affirmatively alleged that Lindo's rental agreement failed to comply with the requirements of section 627.7263, Florida Statutes (1979), and therefore, the appellees were required to provide primary coverage up to American Southern's policy limits.
Section 627.7263, Florida Statutes (1979), provides as follows:
Rental and leasing driver's insurance to be primary; exception. 
(1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736.
(2) Each rental or lease agreement between the lessee and the lessor shall contain a provision on the face of the agreement, stated in bold type, informing the lessee of the provisions of subsection (1) and shall provide a space for the lessee's insurance company's name if the lessor's insurance is not to be primary.
The rental agreement contained the following language:
17. The valid and collectible liability insurance or personal injury protection insurance providing coverage for the rental or leasing driver or any other person operating the motor vehicle with the permission or consent of the rental or leasing driver shall be primary. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by Florida Statutes SS. 324.021(7) and 627.7263.
The above-quoted portion of the rental agreement was no different in size or color from the rest of the agreement and was a quote from section 627.7263, Florida Statutes (1976).
The agreement also contained a paragraph requiring the appellant, as lessee, to indemnify Lindo's against any loss, liability, *45 et cetera arising out of or in connection with any possession or use of the vehicle. American Southern's policy contained what is commonly known as an escape clause.
The trial court found the notice on the agreement inadequate to comply with section 627.7263, Florida Statutes (1979), but still entered a summary judgment finding that the parties had properly shifted the responsibility for primary coverage to the appellant and that Lindo's insurance policy contained a valid escape clause. The summary judgment required the appellant to assume the primary defense of Howard's claim and to indemnify Lindo's under the terms of the rental agreement.
The sole question on this appeal is whether the parties to a motor vehicle lease agreement are free to contract between themselves as to which of them shall provide the primary liability insurance coverage without complying with the statute which makes the lessor primarily liable unless he follows a specific method of shifting that responsibility to the lessee.
We hold that section 627.7263, Florida Statutes (1979), provides the exclusive method of shifting primary liability coverage from the lessor to the lessee, and if the lessor fails to comply with the requirements of this section, he is primarily liable up to the financial responsibility requirements of the law regardless of any other provision contained in the rental agreement or policy.
The appellees' reliance on the case of Racecon, Inc. v. Mead, 388 So.2d 266 (Fla. 5th DCA 1980), is misplaced. In that case, the court was construing the statute as it existed in 1976, and not the statute that was in effect at the time of the incident which gave rise to the instant litigation.
The statute became as much a part of the rental agreement as if it were expressly written into it and accordingly must be given effect by the parties. Grand Lodge, Knights of Pythias v. Moore, 120 Fla. 761, 163 So. 108 (1935).
Once the requirements of the statute are satisfied by requiring the lessor to be responsible up to the limits of the financial responsibility law, or to properly shift the burden, the parties are free to contract between themselves as to any additional responsibility. Insurance Company of North America v. Avis Rent-A-Car, 348 So.2d 1149 (Fla. 1977). Accordingly, under the agreement in this case, the lessor's insurance company is only primarily liable up to the requirements of the financial responsibility law.
We reverse and remand for proceedings consistent herewith.
SCHEB, C.J., and DANAHY, J., concur.