NESBITT, Judge.
This is an appeal from the dismissal of a cross-claim for indemnification. The original plaintiff brought suit against ten defendants as a result of injuries she received when a van in which she was a passenger blew a tire and became involved in an accident. The defendants included the owners of the vehicle (appellants),[1] and the lessee, driver, and tire manufacturer (appellees).[2] Several of the defendants filed cross-claims and counterclaims. Ultimately, the appel-lees, as active tortfeasors, settled with the plaintiff, at which time the appellants’ cross-claims against the appellees for indemnification and contribution were dismissed. The plaintiff procured a judgment against one of the owners, DRAC Chrysler Corp., based on its vicarious responsibility pursuant to the Florida dangerous instrumentality doctrine. The owners appeal from the dismissal of their claim for indemnification.[3] We reverse.
The law is well-settled that one who is only vicariously liable is entitled to indemnification from the active tortfeasors. Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979); Hertz Corporation v. Richards, 224 So.2d 784 (Fla. 3d DCA 1969). The fact that the active tortfeasors settled with the plaintiff does not release them from the claim for indemnification by the party held vicariously liable. Elier and Company v. Morgan, 393 So.2d 580 (Fla. 1st DCA), pet. for review denied, 399 So.2d 1141 (Fla.1981); Hertz Corporation v. Hellene, 140 So.2d 73 (Fla. 2d DCA 1962).
We reject the appellees’ contention that payment of the maximum amount of insurance under their policy defeats the owner’s claim for indemnification. This argument confuses insurance coverage with the right to indemnification. In Insurance Company of North America v. Avis Rent-A-Car System, Inc., 348 So.2d 1149, 1153 (Fla.1977), the court held:
[T]he law requires motor vehicle owners to provide liability insurance coverage for the operation of their motor vehicles on the highways of this state. Independent of this insurance requirement is the common law obligation of vehicle owners under the dangerous instrumentality doctrine. But neither of these financial responsibility principles bear on ... the right of indemnification which derives from the common law principle that fault attracts primary responsibility.
The owner of a vehicle is entitled to common law indemnity from his permittee except where the lease provides that insurance will be provided by the lessor to the lessee. Truck Discount Corporation v. Serrano, 362 So.2d 340, 343 (Fla. 1st DCA 1978); Morse Auto Rentals, Inc. v. Lewis, 161 So.2d 235 (Fla. 3d DCA 1964).
Consequently, the order of the lower court is reversed and remanded with directions to reinstate the appellants’ cross-claim for indemnification.

. Chrysler Corporation, DRAC Chrysler, Chrysler Leasing, Rebhan Leasing Corporation, and their insurer, Continental Insurance Company.

. Flamingo Tours, and its insurer, Lumbermen’s Mutual Casualty Company, Miriam Trias, and General Tire and Rubber Company, and its insurer, Liberty Mutual Insurance Company.

. The appellants admit that their claim for contribution was properly dismissed. § 768.-31(5)(b), Fla.Stat. (1977); Seaboard Coast Line Railroad v. Gordon, 328 So.2d 206 (Fla. 1st DCA 1976).