463 So.2d 320 (1985)
ALLSTATE INSURANCE COMPANY OF CANADA, et al., Appellants,
v.
VALUE RENT-A-CAR OF FLORIDA, INC., et al., Appellees.
No. 83-1596.
District Court of Appeal of Florida, Fifth District.
January 3, 1985.
Rehearing Denied February 13, 1985.
*321 Elizabeth C. Wheeler, of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Daytona Beach, for appellants.
Kimberly A. Ashby, of Maguire, Voorhis & Wells, P.A., Orlando, for appellees.
DAUKSCH, Judge.
This is an appeal from a summary judgment determining rights between insurance companies.
Donna Bennet was injured by a vehicle driven by Robert Cairns. Cairns was insured by appellant Allstate which settled with Donna Bennet for the limits of its coverage, $80,000. Cairns was driving a leased vehicle when he injured Bennet and the vehicle was insured for the lessor by appellee Value. Value paid Bennet $130,000, which was the balance of the settlement due Bennet under an agreement between her and Cairns and the vehicle lessor. Twenty thousand dollars of the $130,000 paid by Value was for "personal injury protection" and "financial responsibility" under the appropriate statutes.[1] The remaining *322 $110,000 paid by Value was the remaining amount, over that available from Allstate, to reach the agreed settlement of $210,000.
This lawsuit involves the claim by Allstate that the owner of the vehicle and its insured are primarily liable for payment to Bennet and that the driver's insurer, Allstate, is entitled to reimbursement for all it paid to Bennet. Allstate's argument is twofold: one, that the lessor's insurance was "primary" up to the limits of its coverage and; two, that lessor did not properly shift the primary responsibility to the lessee as required by section 627.7263, Florida Statutes (1983).
The lessor's position is that the lease agreement requires the lessee's coverage to be primarily responsible for payment for injuries to third parties and thus lessor's insurer is not required to indemnify lessee's insurer.
Under the dangerous instrumentality doctrine, owners of motor vehicles are liable for injuries which are caused by the operation of the vehicle.[2] Negligent operators of motor vehicles are also liable for injuries they cause. Common law principles of negligence establish this responsibility. Where two persons are liable for an injury then the one who actually caused the injury is primarily liable and the other person may obtain indemnity from him for any payments made to the injured person. See Seaboard Air Line Railway Company v. American District Electric Protective Company, 106 Fla. 330, 143 So. 316 (1932). Thus, an automobile owner who is only vicariously liable for injuries caused by another person's operation of his vehicle is entitled to indemnification from the negligent driver. Rebhan Leasing Corporation v. Trias, 419 So.2d 352 (Fla. 3d DCA 1982), review denied, 427 So.2d 738 (Fla. 1983); Hertz Corporation v. Richards, 224 So.2d 784 (Fla. 3d DCA 1969); Allstate Insurance Company v. Fowler, 455 So.2d 506 (Fla. 1st DCA 1984). In the case at bar the lessor was not actively negligent in causing the accident; its liability is solely on account of its being the owner of the vehicle. The lessee was the real cause of the accident; the active tortfeasor. His coverage is primary because, among other things, his fault is primary.
Florida Statute 627.7263 regulates insurance coverage priorities. It says:
Rental and leasing driver's insurance to be primary; exception 
(1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by §§ 324.021(7) and 627.736. (emphasis supplied)
(2) Each rental or lease agreement between the lessee and the lessor shall contain a provision on the face of the agreement, stated in bold type, informing the lessee of the provisions of subsection (1) and shall provide a space for the *323 lessee's insurance company's name if the lessor's insurance is not to be primary. (emphasis supplied)
This statute is not completely applicable here because it is not specific as to whose insurance coverage is used after personal injury protection and financial responsibility limits are paid out.
This issue was addressed, however, by the Florida Supreme Court in Insurance Company of North America (INA) v. Avis Rent-A-Car System, Inc., 348 So.2d 1149 (Fla. 1977). Although this decision was not concerned with the effect of section 627.7263, the opinion is nevertheless instructive because it discusses the effect of the dangerous instrumentality doctrine and the financial responsibility law on a rental agency's right to indemnification from a negligent lessee. In its opinion the court approved of the following argument by the lessor:
[N]othing in Roth [Roth v. Old Republic Insurance Company, 269 So.2d 3 (Fla. 1972)] or any other Florida precedent bars [the lessor's] right to obtain indemnification from the negligent driver of a motor vehicle or the driver's employer (or their insurers) to the extent of amounts paid out in excess of the primary $100,000 coverage furnished by the express terms of the rental contract, since that business arrangement in no way affects either the statutes or common law of this state. (footnotes omitted) 348 So.2d at 1153.
The court then stated:
[N]either of these financial responsibility principles [the dangerous instrumentality doctrine and the financial responsibility law of section 324.011(7)] bear on the allocation of risk between owners and operators in excess of minimum statutory coverage, or on the right of indemnification which derives from the common law principle that fault attracts primary responsibility.
* * * * * *
We hold that the public policy of the state was satisfied in this case when the injured's beneficiaries were compensated by the vehicle's owner for the negligent operation of a rented vehicle. The parties were free to contract between themselves to shift the burden of loss so long as they met the requirements of law, and in this case there is no suggestion that those requirements were not met. (footnote omitted) 348 So.2d at 1153-54.
In the instant case, although the lessor's insurance policy contained no provisions intended to reduce the limits provided for the lessee's benefit, the lessor in its rental agreement with lessee attempted in three separate provisions to shift responsibility for primary coverage to the lessee. The first provision was contained on the face of the rental agreement and stated:
The valid and collectible liability insurance or personal injury protection insurance providing coverage for the rental or leasing driver or any other person operating the motor vehicle with the permission or consent of the rental or leasing driver shall be primary. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7), 627.736 and 627.7263, Florida Statutes. (R 82)
The other two provisions were contained on the back of the agreement and stated:
5. Lessor shall provide an automobile liability insurance policy for the benefit of Lessee with limits of coverage equal to or in excess of statutory requirements for public liability and property damage. Said insurance shall be excess insurance over any other liability insurance coverage available to Lessee, applicable after coverage under such other available insurance... .
* * * * * *
8. Lessee shall defend, indemnify and hold harmless Lessor from and against any and all losses, liabilities, damages, injuries, claims, demands, costs and expenses, arising out of or connected with the possession or use of the car during the rental term (except those covered by the insurance provided herein by Lessor), *324 including but not limited to any and all claims of or liabilities to third parties arising out of the abandonment, conversion, secretion, concealment, or unauthorized sale of the car by Lessee or its drivers, agents or employees, or the confiscation of the car by any government authority for illegal or improper use of said car.
The lessee contends, and the lessor implicitly concedes, that the provision on the face of the rental agreement was insufficient to shift primary responsibility to the lessee because it was not stated in bold type as required by section 627.7263(1). This is apparently the reason why the lessor agreed in the settlement with the plaintiff to pay the first $20,000 (representing $10,000 for financial responsibility and $10,000 for P.I.P.). However, the parties disagree as to the other consequences of this failure to comply with section 627.7263(1). The lessee contends that this failure to shift primary responsibility leaves the lessor primarily responsible up to the limits of its insurance policy ($300,000) which would free the lessee from all liability. In support of this argument, he cites P & H Vehicle Rental and Leasing Corporation v. Garner, 416 So.2d 503 (Fla. 5th DCA 1982), disapproved on other grounds Travelers Insurance Company v. Bruns, 443 So.2d 959 (Fla. 1984), in which this court ruled that the failure of the lessor in that case to comply with section 627.7263 made the lessor primarily liable for losses arising out of the use of its rental vehicle and there was no discussion of financial responsibility or policy limits. In P & H, however, the lessor's insurer's claim that it was entitled to indemnification by the lessee's insurer was dismissed for lack of jurisdiction. Therefore, we think P & H is not dispositive on the issue of whether a lessor who does not comply with section 627.7263 could legally shift responsibility for coverage beyond the financial responsibility and P.I.P. limits.
Instead, the dispositive cases on this issue are Racecon, Inc. v. Mead, 388 So.2d 266 (Fla. 5th DCA 1980), and Patton v. Lindo's Rent-A-Car, Inc., 415 So.2d 43 (Fla. 2d DCA 1982). Racecon is a case in which the lessee prevailed on the facts but under the current version of section 627.7263, the rule of law which flows from the case will benefit lessors. In Racecon, the injured third party sued the lessee and the lessor, and prior to trial, the lessor crossclaimed against the lessee for indemnification. Although the rental agreement contemplated that the lessor was obligated to provide primary insurance coverage, the lessor argued that section 627.7263, Florida Statutes, as it existed in 1976 required the lessee's insurance to be primary notwithstanding the terms of the rental agreement. This court rejected that argument. Relying on Insurance Company of North America v. Avis Rent-A-Car Systems, Inc., supra, the court stated:
It is thus our view that so long as the public policy of the state was satisfied, ... the parties were free to contract between themselves that the owner (lessor) would provide the primary coverage, thus shifting the burden of loss. The statute would determine that obligation where there was no agreement. (emphasis added)
388 So.2d at 268.
In Patton, the lessor provided in its rental agreement with the lessee a provision nearly identical to the one provided on the face of the rental agreement in the instant case. Also contained in the rental agreement, however, was a paragraph requiring the lessee to indemnify the lessor against any loss, liability, etc., arising out of or in connection with any possession or use of the vehicle. The court stated that because the paragraph shifting primary responsibility to the lessee was no different in size or color than the rest of the agreement, it was insufficient under section 627.7263 to shift primary responsibility. Nevertheless, the court determined that the failure to comply with this section only made the lessor primarily liable up to the financial responsibility requirements of the law. Relying on INA, the court ruled that the "hold harmless" provision in the rental agreement was controlling:

*325 ... Once the requirements of the statute are satisfied by requiring the lessor to be responsible up to the limits of the financial responsibility law, or to properly shift the burden, the parties are free to contract between themselves as to any additional responsibility... .
415 So.2d at 45.
The lessee in the instant case attempts to distinguish Patton on the ground that the hold harmless clause in the rental agreement (Pagagraph 8) requires the lessee to indemnify the lessor for all losses "except those covered by the insurance provided herein by Lessor." In order to determine the effect of this exception, however, the extent of the lessor's coverage must be ascertained. Paragraph 5 provides that the lessor shall provide automobile liability insurance for the benefit of lessee but that such insurance "shall be excess insurance over any other liability insurance coverage available to Lessee, applicable after coverage under such other available insurance." This language effectively makes the lessee's liability insurance primary and the lessor's insurance secondary. Therefore, per Racecon and Patton, the lessor is primarily responsible only for the financial responsibility limits and the lessee is responsible primarily thereafter up to the limits of its policy. This was how the parties allocated their responsibility in their settlement agreement. The trial court properly denied the lessee's cross-claim against the lessor.
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., concurs.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:
This case involves the relative responsibilities of the liability insurer of a vehicle lessor and the liability insurer of the vehicle lessee for payment to an injured third party.
A, driving his own vehicle, negligently injures B. A is liable to B and B can recover his damages from A and, if A has liability coverage, from A's insurer. This is so not because A owned the vehicle but because he negligently operated it causing B's injuries.
A, driving C's vehicle with C's consent, negligently injures B. A is still liable to B but under the dangerous instrumentality doctrine, C is also liable (vicariously) to B. However, as between A and C, because A is the active tortfeasor A is primarily liable to B and C is secondarily liable to B.[1] Therefore, if C pays B's damages, C is entitled to obtain full indemnification from A, and, if A has liability coverage, from A's insurer. If C has liability coverage and C's insurer pays B's damages, C's liability insurer is subrogated to C's right to indemnification *326 against A and is entitled to obtain full indemnification from A, and, if A has liability coverage, from A's insurer. However, these basic rights between A and C may be affected by applicable statutes, policy provisions or agreement between A and C. In the event C leases the vehicle to A and C also undertakes to sell, provide or furnish A with liability coverage, the cases seem to make an exception and, for this reason alone, to deny C, and C's insurer, indemnification from A,[2] at least to the extent of the coverage that C agrees to provide to A.[3]
Accordingly, because the driver-lessee of a leased vehicle who negligently injures another is the active tortfeasor, the lessee's insurer provides primary liability coverage and the lessor's insurer provides secondary coverage in the absence of a statute or applicable policy provision or an effective provision in the rental agreement.[4]
Section 627.7263, Florida Statutes, statutorily changes the above rule and provides that, with several exceptions and limitations, the lessor's valid, collectible and applicable liability and PIP insurance is primary. One exception, not applicable here, relates to a "bold type" provision in the rental or lease agreement. Another exception limits the primacy of the lessor's liability and PIP coverage to that "required by ss. 324.021(7) and 627.736." Those statutes require liability coverage of $10,000 bodily injury for one person, $20,000 total bodily injury, $5,000 property damage coverage, and $10,000 PIP coverage.[5]
Therefore, in the absence of an effective "bold type" provision in the rental or lease agreement, (1) first, by virtue of the statute and the absence of an effective "bold type" provision in the rental or lease agreement, the lessor's insurer provides primary liability and PIP coverage up to the statutory minimum requirements; (2) secondly, by virtue of the driver's status as active tortfeasor, the driver's insurer provides primary (excess) coverage to the extent of *327 valid and collectible coverage[6] and (3) thirdly, by virtue of the vicarious secondary liability of the lessor under the dangerous instrumentality doctrine, beyond the driver's coverage the lessor's insurer again provides primary (excess) coverage to the limits of valid and collectible coverage.
Because this is the manner of the allocation of primary and secondary coverage made by the trial court in this case, the appealed judgment is properly affirmed.
NOTES
[1] Sections 324.021(7) and 324.151(1)(a) require all owners of motor vehicles in the State of Florida to carry a liability insurance policy which shall insure the owner and any other person using the vehicle with the owner's express or implied permission against loss from the liability imposed by law for damages due to accidents arising out of the use of his motor vehicle in the amount of $10,000 because of bodily injury to, or death of, one person in any one accident, in the amount of $20,000 because of bodily injury to two or more persons in any one accident, and in the amount of $5,000 because of injury to, or destruction of, property of others in any one accident. Section 627.736(1) requires every owner or registrant of a motor vehicle to maintain an insurance policy which provides personal injury protection to the named insured and others including, as in the instant case, persons struck by such motor vehicle while riding a bicycle, to a limit of $10,000 subject to exclusions not relevant here.
[2] This doctrine was first established in Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 So. 975 (1917) wherein it was held:

... The principles of the common law do not permit the owner of an instrumentality that is ... peculiarly dangerous in its operation, to authorize another to use such instrumentality on the public highways without imposing upon such owner liability for negligent use. The liability grows out of the obligation of the owner to have the vehicle ... properly operated when it is by his authority on the public highway... .
See also Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla. 1959).
[1] Unfortunately, the dangerous instrumentality doctrine appears to have confused many courts into thinking that the owner is primarily liable but that he may nevertheless receive indemnification from the active tortfeasor (the driver). See, e.g., Guemes v. Biscayne Auto Rentals, Inc., 414 So.2d 216, 218 (Fla. 3d DCA 1982); Truck Discount Corporation v. Serrano, 362 So.2d 340, 342 (Fla. 1st DCA 1978). This idea is apparently based on language contained in Roth v. Old Republic Ins. Company, 269 So.2d 3, 5 (Fla. 1972): "The insurer of the owner's automobile is therefore primarily liable for injuries because of the negligent operation of the automobile under our holding in Susco [Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla. 1958)]." However, in Insurance Company of North America v. Avis Rent-A-Car System, Inc., 348 So.2d 1149, 1152 (Fla. 1977), the supreme court qualified the language in Roth, stating, "This court there held that insurance provided to the lessee as a part of the rental agreement with the owner places primary financial responsibility on the owner's carrier and bars indemnification from the negligent driver to that extent." (emphasis added) See notes 2 and 3, infra. By definition, "primary liability" is "A liability for which a person is directly responsible as contrasted with one which is contingent or secondary." (emphasis added) Black's Law Dictionary 823 (5th Ed. 1979). Therefore, because the owner is only vicariously liable, he is secondarily liable and, for this reason, he may recover from the active tortfeasor (the driver) who is primarily liable. See, e.g., Hertz Corp. v. Ralph M. Parsons Co., 419 F.2d 783, 786 (5th Cir.1969) ("The negligence of the driver ... is primary as compared to the secondary negligence of the owner.")
[2] This exception was first announced in Morse Auto Rentals, Inc. v. Lewis, 161 So.2d 235 (Fla. 3d DCA 1964), where the rental agreement between the owner-lessor and driver-lessee specifically provided that the rental charges included the cost of automobile liability insurance. The court determined that the lessee, "having paid the compensation to secure the protection in this situation, should not be required to respond to the owner of the vehicle for any damages recovered by a third person." 161 So.2d at 237. Subsequent decisions then extended the exception to situations where the lease agreement, without specifying an extra charge for insurance, nevertheless provided that the lessee "participates in the benefits" of liability insurance, Bordettsky v. Hertz Corp., 171 So.2d 174 (Fla. 2d DCA 1965), and where the lease agreement stated that the lessor "shall provide liability insurance" but the lessor failed to do so, Morse Auto Rentals v. Papandrea, 180 So.2d 351 (Fla. 3d DCA 1965), cert. denied 188 So.2d 316 (Fla. 1966). Recent cases have therefore stated that the exception applies whenever the lessor agrees to furnish the lessee with liability insurance. See Truck Discount Corp. v. Serrano, 362 So.2d 340, 343 (Fla. 1st DCA 1978); Guemes v. Biscayne Auto Rentals, Inc., 414 So.2d 216, 218 (Fla. 3d DCA 1982); Rebhan Leasing Corp. v. Trias, 419 So.2d 352, 353 (Fla. 3d DCA 1982). The proper theoretical basis for this exception is that the underlying purpose of an agreement between the owner-lessor and the driver-lessee as to liability insurance is not the intent to make a contract for indemnification that shifts the risk of primary liability to an injured third person from the driver-lessee to the owner-lessor but is the intent of the contracting parties to shift the potential liability to injured third persons off of both contracting parties and onto the liability insurer. See Housing Inv. Corp. v. Carris, 389 So.2d 689 (Fla. 5th DCA 1980).
[3] This limitation on the exception is derived from Insurance Company of North America (INA) v. Avis Rent-A-Car System, Inc., 348 So.2d 1149 (Fla. 1977), where the Florida Supreme Court stated that the parties to an automobile leasing arrangement are free to contract between themselves as to allocating the risk of loss arising from injuries caused by the driver of the rented vehicle. Thus a lessor could, as did the lessor in INA, limit the coverage provided for the benefit of the lessee to a lesser amount than the coverage it provided for itself.
[4] See Allstate Ins. Co. v. Fowler, 455 So.2d 506 (Fla. 1st DCA 1984). The instant case does not involve applicable policy language as does Fowler and the case it conflicts with, Sentry Ins. Co. v. Aetna Ins. Co., 450 So.2d 1233 (Fla. 2d DCA 1984).
[5] Of course, if the lessor agrees to provide greater protection than the statutory minimum requirements, it is liable to the extent of the coverage provided. See, e.g., Sunshine Dodge, Inc. v. Ketchem, 445 So.2d 395 (Fla. 5th DCA 1984).
[6] The reason that, once the financial responsibility requirements are satisfied, the driver and his insurer assume responsibility for excess coverage is not because the statute (§ 627.7263) specifically so provides, as the Fourth District Court of Appeal ruled in Reliance Insurance Company v. Maryland Casualty Company, 453 So.2d 854 (Fla. 4th DCA 1984), but because of the "common law principle that fault attracts primary responsibility." Insurance Company of North America v. Avis-Rent-A-Car System, Inc., 348 So.2d 1149, 1153 (Fla. 1977). That is, the statute only specifies whose insurance is to be responsible up to the limits of the financial responsibility requirements and does not specify whose insurance is to be responsible for coverage beyond those limits; therefore, in the absence of a controlling provision in the rental agreement or insurance policy, as between the owner and the driver of a vehicle the driver is primarily liable because he is the active tortfeasor and the owner of the vehicle is only vicariously, hence secondarily, liable to injured third persons.