## Richmond

### WALTER ENNIS ARMSTRONG, ADMINISTRATOR OF THE ESTATE OF SHARI LANE ARMSTRONG, DECEASED v. NATIONWIDE MUTUAL INSURANCE COMPANY.

December 2, 1974.

Record No. 731088.
Present, All the Justices.

*Erwin S. Solomon (Duncan M. Byrd, Jr.; Erwin S. Solomon & Associates*, on brief), for plaintiffs in error.

*James F. Johnson (Woods, Rogers, Muse, Walker & Thornton*, on brief), for appellee.

*Per Curiam.*

This is an appeal from an adverse final decree in a suit instituted by the complainant, Walter Ennis Armstrong, Administrator of the Estate of Shari Lane Armstrong, asking a declaratory judgment that Nationwide Mutual Insurance Company (Nationwide) was liable for payment of a judgment obtained by the complainant against Richard A. Martin (Martin) for the wrongful death of complainant's decedent.

The trial court held that Nationwide was not liable for payment of the judgment. The chancellor, in his opinion letter, set forth alternate grounds for his holding. We must affirm this ruling if the chancellor was correct on either ground.

We need consider only the chancellor's first ground, namely

that the vehicle responsible for injuries resulting in the death of Shari Lane Armstrong was not a "temporary substitute automobile" under Martin's policy of insurance with Nationwide.[1]

Martin purchased a 1963 Volkswagen automobile on June 29, 1970. Within a week the Volkswagen became disabled when the motor "blew up." Martin towed the car to a service station in Covington, Virginia, operated by Robert Moore (Moore), "who worked on cars although he was not a licensed mechanic." Martin's purpose in taking the Volkswagen to Moore was to "see if he [Moore] could fix it." The record shows that the Volkswagen was never repaired and returned to use.

While Martin testified that he hoped repairs to the Volkswagen would not take "too long," he understood that Moore would attempt to repair it "when he got time." Moore knew that repair parts were needed and that these parts were difficult to obtain. Martin testified that by late September he fully realized his loss of use of the Volkswagen was not "temporary" because he had no idea when, if ever, the Volkswagen would be repaired and returned to service.

Martin, who was then 17 years of age, graduated from high school shortly before he purchased the Volkswagen. He was unmarried and lived at the farm home of his parents at Mountain Grove in rural Bath County. After the Volkswagen became disabled in early July, Martin, to commute to work and engage in other activities, alternately used one of the three vehicles owned and maintained by his parents.

The injuries resulting in the death of complainant's decedent occurred on October 16, 1970, more than three months after the Volkswagen became disabled. On that night Martin drove his father's pickup truck to a football game where he parked it, unattended, on a steep slope overlooking the playing field. During the game the truck ran down the incline and struck and injured the decedent and several other persons.

To challenge the chancellor's finding that the truck was not a temporary substitute automobile, complainant relies on *Lewis* v.

---

[1] Nationwide's policy automatically extends liability coverage to a temporary substitute automobile when used by its insured. A temporary substitute automobile is defined as ". . . an automobile not owned by the Named Insured . . . while temporarily used as a substitute for the described automobile when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction. . . ."

*Bradley,* 7 Wis.2d 586, 97 N.W.2d 408 (1959), and *Lumbermens Mut. Cas. Co.* v. *Harleysville Mut. Cas. Co.,* 367 F.2d 250 (4th Cir., 1966). The facts in these cases make them inapposite since the substitute vehicle, in each instance, was used to replace a vehicle which would normally have been used but was not operable the day when the injury occurred. These cases do hold, however, that a vehicle, to be insured under the temporary substitute vehicle clause of an automobile insurance policy, must be one put to temporary use as a substitute for a disabled insured vehicle.

Webster defines temporary as "... lasting for a time only; existing or continuing for a limited time." Webster's Third New International Dictionary, 2353 (1966).

While Martin's testimony establishes that the pickup truck was used as a substitute for the disabled Volkswagen, it also shows that this substitution was of an unlimited or indefinite duration, thus the substitution was not of a temporary nature for a limited time.

We, therefore, affirm the chancellor's holding that the truck was not a temporary substitute vehicle and that Nationwide is not responsible for payment of the complainant's judgment against Martin.

*Affirmed.*