343 So.2d 91 (1977)
Earlie BROWN, Appellant,
v.
GULF LIFE INSURANCE COMPANY, Appellee.
No. 76-552.
District Court of Appeal of Florida, Third District.
March 8, 1977.
*92 Vernis & Bowling and Ronald J. Raffony, Coconut Grove, for appellant.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and Manuel A. Cuadrado, Miami, for appellee.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
PER CURIAM.
Plaintiff, Earlie Brown, is appealing a final summary judgment for the defendant, Gulf Life Insurance Company, in this action to recover benefits under his group health insurance policy.
Earlie Brown through his employer, Florida Power & Light Company, was insured under a group health insurance policy issued by Gulf Life Insurance Company. This policy provided in pertinent part:
"SPECIAL EFFECT OF NO-FAULT AUTO INSURANCE
"No benefits are payable under any section of the Group Policy for any expenses incurred with respect to injury or illness for which medical benefits are payable in accordance with the Florida Automobile Reparations Reform Act (sometimes referred to as the `No-Fault' Auto Insurance Law). In the event the total of benefits as defined as medical under the `No-Fault' Auto Insurance Law exceeds $5,000, the amount of benefits which otherwise would have been payable under the Group Policy shall be payable up to the amount of such excess."
On December 8, 1973 Brown was involved in an automobile accident and sustained personal injuries. He made a claim for $4,222.40 for these injuries against his automobile insurance carrier, Gateway Insurance Company, and received a partial payment of $1,582.40 under the "no-fault" benefits provision of Gateway's policy. Gateway subsequently became insolvent and Brown claimed the balance against the Florida Insurance Guaranty Association, which refused payment. Thereupon, Brown filed a claim against Gulf Life for benefits in the amount of $4,222.40. Gulf Life under the special effect of no-fault auto insurance provision of its group policy denied the claim and Brown filed the instant action against Gulf Life. He contended that the above provision renders the policy "excess insurance" within the purview of Section 627.635, Florida Statutes (1975)[1] and that Gulf Life failed to comply *93 with section (2) thereof by failing to stamp conspicuously upon the face of the policy the designation "excess insurance" thereby rendering this provision void. Gulf Life answered and denied its policy came within the purview of this statute. Pretrial discovery ensued and both parties moved for summary judgment. After a hearing, the trial judge entered summary judgment for Gulf Life. We affirm.
Where the language of the insurance contract is clear and unambiguous it does not require construction and must be given effect as written. See Midwest Mutual Insurance Company v. Santiesteban, 287 So.2d 665 (Fla. 1973); Ranger Insurance Company v. Harrell, 286 So.2d 261 (Fla.2d DCA 1973). The special effect of the no-fault auto insurance provision of Gulf Life's policy plainly excludes payment of benefits arising out of the no-fault type injury, unless that injury exceeds $5,000. In other words, this exclusion is merely a $5,000 deductible for this type of injury and is not excess insurance within the purview of Section 627.635(1), Florida Statutes (1975). Earlie Brown's claim for $4,222.40 against Gulf Life having arisen out of injuries which are payable under no-fault benefits, the trial judge was eminently correct in entering summary judgment for Gulf Life.
We have considered appellant's remaining point on appeal and find it without merit.
Affirmed.
NOTES
[1] "627.635 Excess Insurance

"(1) No provision of this chapter shall be deemed to prohibit an insurer from issuing a policy as, or including in a policy a provision providing for, excess insurance; that is, to the effect that the insurer's liability for benefits payable on account of expense incurred for any hospitalization, medical, surgical and other service resulting from covered sickness or injury of the insured, shall be limited to that part of such expenses, if any, which is in excess of all benefits payable on account thereof by the same insurer under any other policy or policies covering the same insured and by all other insurers and service organizations by whom benefits are payable as to the same such expense.
"(2) Any such policy, or any policy containing any such provision, shall have imprinted or stamped conspicuously upon the face thereof the designation `excess insurance' or appropriate words of similar import approved by the department."