473 So.2d 40 (1985)
Evelyn PASTORI and Rosa Pastori, Appellants,
v.
COMMERCIAL UNION INSURANCE COMPANY, Appellee.
No. 84-2370.
District Court of Appeal of Florida, Third District.
July 30, 1985.
Mandina & Ginsberg and Marc Ginsberg, Miami, for appellants.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and Todd A. Cowart, Miami, for appellee.
*41 Before SCHWARTZ, C.J., and HUBBART and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
The plaintiffs were involved in a collision with a vehicle which would have undoubtedly qualified as a "temporary substitute automobile" under the defendant Sigler's liability policy if, as most other policies probably do, it provided that coverage. See National Indemnity Co. v. Ryder Truck Rental, Inc., 472 So.2d 856 (Fla. 3d DCA 1985). Sigler's Commercial Union policy, however, did not. Because, in the absence of a statutory requirement for the inclusion of such a clause, the courts have no power simply to create coverage out of the whole cloth when none exists on the face of an insurance contract, e.g., Travelers Ins. Co. v. C.J. Gayfer's and Co., Inc., 366 So.2d 1199 (Fla. 1st DCA 1979); see generally Haenal v. United States Fidelity and Guaranty Co., 88 So.2d 888 (Fla. 1956), the trial court correctly entered declaratory judgment that the Commercial Union policy did not apply.
Affirmed.