NESBITT, Judge.
American Casualty Company (American) appeals a summary judgment finding uninsured motorist (UM) coverage and compelling arbitration. We reverse.
Luis Fernandez leased a car from Avis. On September 29, 1981, he was riding in the leased vehicle as a passenger with Pedro Villoldo driving. The car was involved in an accident with a hit-and-run vehicle, and Fernandez sustained injuries.
Fernandez sought UM benefits under the American policy issued to Villoldo. American denied coverage and Fernandez filed a petition to compel arbitration. American counterclaimed seeking a declaration that there was no coverage. Both parties moved for summary judgment, and the trial court found coverage and compelled arbitration.
Courts are not free to extend insurance coverage beyond the plain language of the policy absent waiver, estoppel or some overriding public policy. Velasquez v. American Manufacturers Mutual Insurance Co., 387 So.2d 427 (Fla. 3d DCA 1980); see also Pastori v. Commercial Union Insurance Co., 473 So.2d 40 (Fla. 3d DCA 1985). It is clear that the language of American’s policy does not provide coverage to Fernandez, and therefore, reversal is required.
American’s insuring agreement provided that:
We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:
1. sustained by a covered person; and
2. caused by an accident.
The hit-and-run vehicle met the policy definition of an uninsured motor vehicle and there were clearly bodily injuries sustained in an accident. Fernandez would therefore be entitled to damages if he qualifies as a “covered person.”
The only possible definition of “covered person” which could apply to Fernandez is the one which reads “any other person occupying your [Villoldo’s] covered auto.” Since Fernandez is an “other person” he would be a covered person if the leased auto is a “covered auto” under Villoldo’s policy.
The policy defines “your covered auto” as:
1. Any vehicle shown in the Declarations.
2. Any of the following types of vehicles on the date you became the owner
a. a private passenger auto; or
b. a pickup, panel truck or van, not used in any business or occupation other than farming or ranching ...
3. Any trailer you own
4. Any auto or trailer you do not own while used as a temporary substitute for *1342 any other vehicle described in this definition which is out of normal use because of its:
a. breakdown;
b. repair;
c. servicing;
d. loss; or
e. destruction.
None of the definitions applies to the auto which Fernandez leased from Avis.[1] Therefore, the leased auto is not a “covered auto” and Fernandez is not a “covered person.”
Accordingly, the order compelling arbitration is reversed with directions to enter a summary judgment in favor of American.
Reversed and remanded with directions.

. Fernandez contends in his brief that the policy definition of uninsured motor vehicle “expands the definition of covered auto when it provides coverage to ... ‘a vehicle which you or any family member are occupying’.” This would be true if the provision in question "provided coverage." That is clearly not the case, however. The provision reads:
“Uninsured motor vehicle" means a land motor vehicle or trailer of any type:
3. which is a hit and nm vehicle whose operator or owner cannot be identified and which hits:
b. a vehicle which you or any family member are occupying.
The provision merely defines an uninsured motor vehicle. It does not expand the definition of covered auto or covered person and, therefore, does not “provide coverage.”