597 So.2d 818 (1992)
UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a foreign corporation, Appellant,
v.
David FALLARO and Carol Fallaro, his wife; Bernard Baptiste, a/k/a Pirre James, Appellees.
No. 91-1442.
District Court of Appeal of Florida, Third District.
February 11, 1992.
On Motion for Rehearing April 7, 1992.
Magill & Lewis, and R. Fred Lewis, Miami, for appellant.
Ralph P. Ezzo, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and GERSTEN, JJ.
PER CURIAM.
Appellant, Universal Underwriters Insurance Company (Universal), appeals a final judgment finding liability. We reverse.
Appellee, David Fallaro (Fallaro), a salesman at Powell Ford, and appellee, Bernard Baptiste (Baptiste), a prospective customer, took a car for a test drive. A warning light appeared in the car and Baptiste, the *819 driver, stopped the car. As Fallaro exited the car's passenger side to determine what the problem was, Baptiste sped away, injuring Fallaro.
Fallaro sued Baptiste and Universal, Powell Ford's insurance carrier. The trial court found that Baptiste was a permissive user of the vehicle, and that Universal was required to provide coverage for Fallaro's injuries. We reverse.
Baptiste was not an "insured" under the terms of the policy. The policy states the following:
WHO IS AN INSURED 
With respect to the AUTO HAZARD:
1. YOU
2. Any of YOUR partners, paid employees, directors, stockholders, executive officers, a member of their household or a member of YOUR household, while using an AUTO covered by this Coverage Part, or when legally responsible for its use. The actual use of the AUTO must be by YOU or within the scope of YOUR permission.
3. Any other person or organization required by law to be an INSURED while using an AUTO covered by this Coverage Part within the scope of YOUR permission.
With respect to INJURY, as defined in Group 5:
1. YOU
2. Any of YOUR partners, executive officers, directors, stockholders, or paid employees authorized by YOU to act in the ADMINISTRATION of YOUR Employee Benefit Programs.
Baptiste does not fall within any definition of an "insured." An unambiguous contract of insurance does not require construction, and must be given effect as written. Midwest Mutual Insurance Company v. Santiesteban, 287 So.2d 665 (Fla. 1973); Brown v. Gulf Life Insurance Company, 343 So.2d 91 (Fla. 3d DCA 1977). Courts have no power to create insurance coverage where none exists on the face of the insurance contract. Pastori v. Commercial Union Insurance Company, 473 So.2d 40 (Fla. 3d DCA 1985); See also American Casualty Company of Reading, P.A. v. Fernandez, 490 So.2d 1340 (Fla. 3d DCA 1986). Accordingly, we reverse.
Reversed.

ON MOTION FOR REHEARING
PER CURIAM.
We grant the motion for rehearing in as much as we remove from the first sentence the word "summary". The first sentence now reads: [Editor's Note  Change incorporated in the publication of the opinion.]