PER CURIAM.
Union American Insurance Company appeals from a final judgment imposing liability for property damage sustained to a rental car. We reverse.
Perez purchased an insurance policy for her personal automobile from Union American. The policy provided Perez with bodily injury and property damage coverage and with personal injury protection. Perez did not purchase, nor did the policy provide, collision coverage.
Perez rented an automobile from Yellow-Green Car Rental Corporation. She also purchased a collision damage waiver for the rental car from Yellow-Green.[1] Perez’s daughter borrowed the rental car and drove it to Stuart, Florida. While in Stuart, the daughter loaned the car to a friend who drove the car into a canal. The rental car sustained significant damage as a result of the accident.
Yellow-Green filed suit against Perez for the damages sustained to the car. Union American intervened seeking a determination of its obligation to Yellow-Green under the personal automobile insurance policy provided to Perez. The trial court entered a final judgment against Perez and found Union American responsible for paying the total damage award.[2]
An insurance policy “must be considered in its entirety to determine the intentions of the parties.” Feldman v. Central Nat’l Ins. Co. of Omaha, 279 So.2d 897, 898 (Fla. 3d DCA 1973)(citing New Amsterdam Casualty Co. v. Addison, 169 So.2d 877 (Fla. 2d DCA 1964)). In this case, it is undisputed that Perez did not purchase collision damage coverage from her insurer, Union American. She presumably recognized that her rental car would not be covered by her personal insurance policy when she purchased the collision damage waiver. It is obvious that the parties never intended for Perez to be provided collision coverage.[3]
Yellow-Green argues that the final judgment was rendered against Union American based on the liability provision of the policy. We disagree. There is no evidence in the record as to what provision of the policy the judgment was based on. However, even if the final judgment was based on the liability provision, we hold that the exclusion provision of the policy precludes a finding of coverage in this case.[4] See Pastori v. Commercial Union Ins. Co., 473 So.2d 40 (Fla. 3d DCA 1985) (policy which did not include coverage for “tempo *821 rary substitute vehicle” could not be construed to cover such a vehicle); Universal Underwriters Ins. Co. v. Fallaro, 597 So.2d 818 (Fla. 3d DCA 1992) (courts have no power to create insurance coverage where none exists on the face of the contract). See also Coleman v. Valley Forge Ins. Co., 432 So.2d 1368, 1370 (Fla. 2d DCA 1983) (exclusions clearly stated in insurance policy should be upheld); Hawk Termite & Pest Control, Inc. v. Old Republic Ins. Co., 596 So.2d 96 (Fla. 3d DCA 1992) (same).
For the foregoing reasons, we reverse and remand to the trial court for entry of a judgment consistent with this opinion.

. The collision damage waiver was intended to cover “all loss/damage to the rental vehicle ... regardless of cause." The waiver further provides that
4(b) ... If you accept the loss/damage waiver option, which is not insurance, at the beginning of the rental, Yellow-Green will waive your responsibility for such loss or damage unless it results from:
(A) The use of the car, with your permission, by persons other than authorized operators;
[[Image here]]

. The final judgment reads:
3.That the policy of insurance in effect on the day of the incident involved in this action issued by Union American Insurance Company provides Defendant with coverage for the total damages awarded Plaintiff in this action.

. "An unintended contact of [a] vehicle with a natural or artificial mass or body of water is generally held to constitute a collision with an object.” Couch on Insurance 2d, § 42:238 (1984).

. The exclusion provides:
We do not provide liability coverage:
******
3. For any person for damage to property rented to, used by, or in the care of that person. This exclusion does not apply to damage ... to any of the following type vehicles not owned by or furnished or available for the regular use of you or any family member:
a. private passenger autos; ...