FLETCHER, Judge.
•National Casualty Company [National] appeals an adverse final judgment determining its liability under a self-insured retention policy endorsement. We reverse and remand.
Lelita Green was injured when she tripped and fell at a supermarket owned by Florida Supermarkets, Inc., against which company she filed a complaint for damages., National had issued to Florida Supermarkets an insurance policy which contained a self-insured retention endorsement requiring Florida Supermarkets to provide, at its own expense, the investigation and defense of any claim and to accept any reasonable offer of settlement within the self-insured retention limit of $75,000. The endorsement provides:
“1. The Limit of Company’s Liability (as stated in the policy) shall apply in excess of the Self-Insured Retention (as stated in this endorsement) and the Insured agrees not to reinsure the retained limit, without the knowledge and permission of the Company. The Company’s obligation under the Policy applies only to the amount excess of the Self-Insured Retention.
Self-Insured Retention: $75,000. Each Occurrence
2. The Insured shall have the obligation to provide at its own expense ade *610 quate defense and investigation of any claim and to accept any reasonable offer of settlement within the Self-Insured Retention. In the event of failure of the Insured to comply with this clause, no loss, cost or expense will be paid by the Company.”
Under this endorsement if Florida Supermarkets fails to accept a reasonable settlement offer of $75,000 or less made by a claimant, then National is not obligated to pay any loss.
During the litigation between Green and Florida Supermarkets, Green made two settlement offers: $27,000 early in the case, later reduced to $20,000 prior to trial. Florida Supermarkets did not accept these offers but made a final pre-trial offer of $8,000. At trial Green sought a verdict of $500,000. The jury returned a verdict of $120,000 and this court affirmed the final judgment. Florida Supermarkets, Inc. v. Green, 636 So.2d 516 (Fla. 3d DCA 1994).
Green then filed a second action, this time seeking to enforce the final judgment against National on the theory that Green, as third-party beneficiary of the insurance contract between National and Florida Supermarkets, is entitled to seek satisfaction of the judgment under the terms of the policy. National defended on the basis of the self-insured retention endorsement, arguing that it had no obligation to pay because Florida Supermarkets failed to accept a reasonable settlement offer ($20 — 27,000) made by Green. The trial court rejected National’s position and entered judgment in favor of Green and against National for the principal sum of $45,000 (the difference between the self-insured amount of $75,000 and the first case’s judgment of $120,000), plus interest.
The trial court arrived at its judgment by focusing on Florida Supermarket’s rejection of the $20 — 27,000 offers, concluding that there was a reasonable rejection by the insured of any offers to settle the case. Whether or not Florida Supermarkets acted reasonably by rejecting Green’s offer, however, is not the question presented by the language of the endorsement. Rather, the question is whether Green’s offer was reasonable. An offer may be a reasonable one yet be reasonably rejected. Litigation is a eon-stant exercise in the selection of pathways to the ultimate result. Both sides may act totally reasonably based upon their separate knowledge and experience, yet one side — to its surprise and dismay — may suffer a major loss, notwithstanding the reasonableness of its position and its actions.
The language of the endorsement is not ambiguous and thus is to be given effect as written. State Farm Fire & Cas. Co. v. Metropolitan Dade County, 639 So.2d 63 (Fla. 3d DCA), rev. denied, 649 So.2d 234 (Fla.1994); Universal Underwriters Ins. Co. v. Fallaro, 597 So.2d 818 (Fla. 3d DCA), rev. denied, 602 So.2d 941 (Fla.1992). If the settlement offer is reasonable, is within the retention amount, and is not accepted by Florida Supermarkets, then National is not responsible for payment of the loss, and it matters not whether Florida Supermarkets reasonably, or unreasonably, rejected the offer.
Accordingly, we reverse the final judgment and remand the cause for further proceedings in accordance herewith.