723 So.2d 849 (1998)
Hector PEREZ, Jr., Appellant,
v.
MICHIGAN MUTUAL INSURANCE COMPANY, Appellee.
No. 98-820.
District Court of Appeal of Florida, Third District.
November 18, 1998.
Rehearing Denied February 3, 1999.
*850 Angones, Hunter, McClure, Lynch & Williams and Christopher Lynch, Miami, for appellant.
Cabaniss, McDonald, Smith & Wiggins, P.A., and Ronald E. Cabaniss, and Michelle M. Perez-Sotolongo, Orlando, for appellee.
Before SCHWARTZ, C.J., and GERSTEN and GREEN, JJ.
PER CURIAM.
This is an appeal from a final summary judgment in favor of the appellee, Michigan Mutual Insurance Company ("Michigan Mutual"), in which the trial court found that the appellant, Hector Perez ("Perez"), a retail lessee of one of Michigan Mutual's insured lessors, was not entitled to uninsured motorist ("UM") coverage under it's policy of insurance. We reverse upon our conclusion that Perez was entitled to such coverage under the plain and unambiguous terms of the personal auto policy section and was entitled to medical payments insurance.
Perez leased a Jaguar automobile from Jaguar Cars, Incorporated, a subsidiary of Ford Motor Company ("Ford"). Ford was the named insured under a policy written by Michigan Mutual. On April 15, 1995, while driving the leased vehicle, Perez was involved in a car accident with Jacqueline Reigosa ("Reigosa"), an uninsured motorist, and he sustained injuries. At the time, Perez was personally insured for UM coverage with National Continental Insurance ("National"). As a result of this accident, Perez filed an action against Reigosa as well as National. Perez later discovered Ford's policy with Michigan Mutual, and as a result, he brought this action against Michigan Mutual claiming that its policy provided UM coverage and medical payments coverage to him as the lessee of the Jaguar vehicle. Michigan Mutual's policy contains three separate categories of coverage: general commercial liability, business auto, and personal auto coverage. In granting summary judgment, the lower court found that none of these sections afforded coverage to Perez. Although we agree that UM coverage for Perez was excluded under the plain language of the business auto section of the policy,[1] we find that UM and medical payments coverage was afforded to Perez under the personal auto policy section.
The personal auto policy section, insures "Ford Motor Company, its subsidiaries and any person to whom an automobile has been assigned to, leased or loaned." (emphasis added). Therefore under this section, Perez, as a person to whom an automobile was leased to, is an insured. The UM provision provides that Michigan Mutual is obligated to pay damages which an "insured is legally entitled to recover from the owner or operator of a uninsured motor vehicle." (emphasis added). Coverage under the UM section is provided to the "[t]he named insured shown in the declarations." Additionally, since the same language applies to the medical payments endorsement,[2] Perez is covered under both provisions.
*851 An unambiguous contract of insurance does not require construction, and must be given effect as written. See Midwest Mut. Ins. Co. v. Santiesteban, 287 So.2d 665, 667 (Fla.1973); Weldon v. All Am. Life Ins. Co., 605 So.2d 911, 914 (Fla. 2d DCA 1992); Universal Underwriters Ins. Co. v. Fallaro, 597 So.2d 818, 819 (Fla. 3d DCA 1992); Morrison Assurance Co. Inc. v. City of Opa-Locka, 389 So.2d 1079, 1080 (Fla. 3d DCA 1980). Thus based on the clear and unambiguous language of the policy, we find that summary judgment was inappropriately entered and both UM and medical payments coverage is afforded under the personal auto section of this policy.
Reversed and remanded.
NOTES
[1] Under the business auto section, a covered automobile is an "auto[s] owned, leased or hired by the following:... Jaguar Cars, Inc.", however, "no coverage is provided to the lessees or operators of autos leased by these entities to others." (emphasis added). Thus under this section of the policy, Perez's leased car is a non-covered automobile for UM purposes.
[2] The medical payments section provides that "you" and "your" refer to the "named insured shown in the declarations". Like the UM provisions, the declaration page provides coverage to "Ford Motor Company... and any person to whom an auto has been assigned, leased or loaned." (emphasis added).