754 So.2d 863 (2000)
DUNCAN AUTO REALTY, LTD., and Duncan Auto Sales, Inc., and Calixto Garcia, and Southwind Pools, Incorporated, Appellants,
v.
ALLSTATE INSURANCE COMPANY, et al., Appellees.
Nos. 3D99-2125, 3d99-2149.
District Court of Appeal of Florida, Third District.
April 12, 2000.
Brasfield, Fuller, Freeman, Lovell & O'Hern, P.A. and Jeffrey R. Fuller (St. Petersburg); Glen R. Goldsmith & Assoc., and Glen R. Goldsmith, and Alan N. Jockers, Miami, Beach, for appellants.
*864 Law Offices of Adams & Adams and Peter Walsh, Miami, for appellees.
Before SCHWARTZ, GODERICH, and GREEN, JJ.
GREEN, J.
These consolidated appeals arise from a final summary declaratory judgment determining that there was no coverage under a commercial automobile insurance policy issued by the appellee, Allstate Insurance Company ("Allstate"), for an accident. Based upon the undisputed facts, we affirm.
The appellant, Calixto Garcia, is the owner of Southwind Pools, Inc. ("Southwind"), a pool construction company. Southwind owned three business vehicles, a Ford F250 utility truck, a Chevy van, and a Hino flatbed. These vehicles were listed as "covered autos" under an Allstate business auto policy issued to Southwind. The policy provides that a person is an insured only if and when that person is using one of the three described business vehicles. The policy also contains a standard "temporary substitute auto" provision which extends coverage to:
3. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its: (a) breakdown, (b) repair, (c) servicing, (d) "loss" or (e) destruction. [Emphasis added].
Further, the policy has an "after acquired" clause providing coverage for "after acquired vehicles" but only if:
(a) we already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had coverage; and (b) you tell us within 30 days after you acquire it that you want us to cover it for that coverage.
When the Ford F250 utility truck began to experience serious mechanical problems, Garcia decided to use it as a trade-in for a new pick-up trick. He drove the Ford F250 to Duncan Auto Realty, Ltd. and Duncan Auto Sales, Inc. (collectively referred to as the "auto dealer"). Garcia asked and was granted permission by the auto dealer to test drive a new Toyota pick-up truck. Garcia took the Toyota out for a test drive and returned it to the dealer's lot without incident. Garcia then asked and was granted permission to test drive a second truck, a Dodge pick-up. Unfortunately, during his test drive of the Dodge, Garcia had a collision with a Helen Fill, who was riding a moped. Ms. Fill sustained serious bodily injuries.
As a result of her injuries, Ms. Fill filed a personal injury action against Garcia, Southwind and the auto dealer. Allstate then filed a complaint for declaratory judgment alleging that it owed no duty to defend and/or indemnify since its policy provided no coverage to Southwind or Garcia for the damages sustained by Ms. Fill. Allstate moved for summary judgment on the grounds that no coverage existed by virtue of the fact that the auto dealer's truck, which was being driven by Garcia at the time of the accident, was neither a "temporary substitute auto" or an "after acquired" vehicle as defined under the policy. The trial court agreed and entered final summary judgment in favor of Allstate. This appeal followed.
We agree with the trial court's determination that Allstate's policy provided no coverage for this accident. First of all, we reject the appellants' argument that the "temporary substitute auto" provision in Allstate's policy is ambiguous and therefore must be construed in the insured's favor. See, e.g., Boyd v. United States Fidelity & Guaranty Co., 256 So.2d 1, 4 (Fla.1971) (finding insurance contact, including its "temporary substitute automobile" provision to be unambiguous); see also National Indem. Co. v. Ryder Truck Rental, Inc., 472 So.2d 856 (Fla. 3d DCA 1985). Thus, since courts have no power to create insurance coverage where none otherwise exists; see Universal Underwriters Ins. Co. v. Fallaro, 597 So.2d 818, *865 819 (Fla. 3d DCA 1992)(citing Midwest Mut. Ins. Co. v. Santiesteban, 287 So.2d 665 (Fla.1973); Brown v. Gulf Life Ins. Co., 343 So.2d 91 (Fla. 3d DCA 1977)), we must give this unambiguous contract of insurance its effect as written. Fallaro, 597 So.2d at 819.
We believe that a "temporary substitute auto" in this policy clearly refers to a vehicle that is used in the place of a disabled or lost insured vehicle. Thus, in order for coverage to attach in this case, the "temporary substitute vehicle" must have been performing a function that the disabled insured vehicle would have been performing but for its temporary disability. See 8 Lee R. Russ & Thomas F. Segalla, Couch on Insurance §§ 117:83,:89 (3d rev. ed.1997); see also Webster's Ninth New Collegiate Dictionary 1177 (1991)(substitute is defined as "to put or use in the place of another."). Moreover, the owner of the temporary substitute vehicle, not its user, possesses the authority to define the scope of permissible use of the substitute vehicle. 8 Russ & Segalla, Couch on Insurance, § 117:86. In this case, without question, the auto dealer only granted Garcia use of its truck for a routine test drive. Garcia did not have permission to utilize the auto dealer's truck in Southwind's business affairs in the same manner that he could have used the Ford F250. Thus, we fail to see how the auto dealer's truck could possibly be deemed a "temporary substitute auto" under Allstate policy.
Furthermore, the word "temporary" in the policy's "temporary substitute auto" clause means that a substituted vehicle's use is to be of limited duration, at the conclusion of which the substitute vehicle is to be discarded, and the named vehicle is to resume its usual function. See id. at § 117:79 (stating that "the word `temporary' in the context of the temporary substitution clause is an antonym for the word `permanent.' Thus, there will be no coverage under the temporary substitute clause where the use of an automobile is not temporary, but regular and permanent[.]") (Footnotes omitted). The record here clearly indicates that had Garcia purchased a truck from the auto dealer, Garcia would have immediately traded in the insured truck and used the newly purchased truck as its permanent replacement, not a temporary substitute.[1] Thus, applying any definition of "temporary substitute" to the facts of this case leads to the same conclusion; at the time of the accident, the Dodge was not a temporary substitute vehicle but rather a prospective permanent replacement vehicle. Hence, no coverage was triggered under this provision of the policy.
Nor was coverage triggered under the "after acquired vehicle" provision of the policy. At the time of the accident, Garcia was merely test driving the vehicle in order to make his determination of whether to purchase it as a replacement vehicle for the Ford F250.
Therefore, for the foregoing reasons, we conclude that summary judgment was appropriately entered in Allstate's favor and affirm.
Affirmed.
NOTES
[1] Allstate has acknowledged that if the purchase of the dealer's vehicle had been completed, that there would be coverage under the policy as an after acquired vehicle.