[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 31, 2007
THOMAS K. KAHN
CLERK

_____

No. 03-12737

_____

D. C. Docket No. 99-01507-CV-AJ

MARK ANDREW TOBIN,

Plaintiff-Appellant,

versus

MICHIGAN MUTUAL INSURANCE CO.,

Defendant-Appellee.

_____

No. 03-12738

_____

D. C. Docket No. 02-23442-CV-AJ

CRAIG MACKAY,
individually and as personal representative of Ana
Gutierrez Mackay and Jonathan Patrick Mackay,

Plaintiff-Appellant,

versus

MICHIGAN MUTUAL INSURANCE CORPORATION,

Defendant-Appellee.

_____

No. 03-12739

_____

D. C. Docket No. 99-01102-CV-AJ

HELEN J. HUNTER, individually
and on behalf of all others
similarly situated,

Plaintiff-Appellant,

versus

MICHIGAN MUTUAL INSURANCE CORPORATION,
a Michigan Corporation,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(January 31, 2007)**

Before BARKETT, HULL and COX, Circuit Judges.

PER CURIAM:

Plaintiffs Mark Andrew Tobin, Craig Mackay, and Helen J. Hunter

(collectively, "plaintiffs") filed declaratory judgment actions in which they sought

2

to recover under an insurance policy that defendant Michigan Mutual Insurance Company ("Michigan Mutual") issued to Ford Motor Company ("Ford"). As we explained in Tobin v. Michigan Mutual Insurance Co., 398 F.3d 1267, 1269 & n.1 (11th Cir. 2005) ("Tobin I"), plaintiffs or their decedents leased vehicles from Ford or Ford subsidiaries. While operating the rental vehicles, plaintiffs were injured, or their decedents were killed, in three separate automobile accidents. Tobin I, 398 F.3d at 1269. Each of the accidents was with an uninsured driver. Id. Thereafter, plaintiffs or their decedents filed suit to recover under the uninsured motorist provisions of the Michigan Mutual policy at issue here. Id. at 1270.

The district court concluded that a Florida intermediate appellate decision, Perez v. Michigan Mutual Insurance Co., 723 So. 2d 849 (Fla. Dist. Ct. App. 1999), compelled the conclusion that plaintiffs were covered by the policy as written. Tobin I, 398 F.3d at 1271-73. However, the district court also conducted a bench trial as to the issue of whether the policy as written failed to reflect accurately the intent of Ford and Michigan Mutual and therefore needed to be reformed. Id. at 1273. At the bench trial, the district court found clear and convincing evidence that Ford and Michigan Mutual did not intend for the policy to cover "retail lessees," such as plaintiffs. Id. Accordingly, the district court reformed the policy to exclude "retail lessees," such as plaintiffs, from coverage.

3

Id. The district court also rejected plaintiffs' alternative argument, based on Fla. Stat. § 627.727, that the policy should be construed to provide coverage notwithstanding the intent of Ford and Michigan Mutual. Tobin I, 398 F.3d at 1273-74. Plaintiffs appealed, which led to the first panel decision in this case (Tobin I).[1]

In Tobin I, we certified the following question to the Florida Supreme Court:

DOES THE DEFENDANT MICHIGAN MUTUAL HAVE ANY LIABILITY TO THE PLAINTIFFS UNDER THE POLICY IN QUESTION, AND, IF SO, WHAT IS THE EXTENT OF THAT LIABILITY?

Id. at 1275.

We further stated that in answering the certified question, the Florida Supreme Court might deem other issues relevant, including:

(C) IF PLAINTIFFS ARE INSURED FOR OR ENTITLED TO ANY SUCH UM/UIM COVERAGE UNDER THE AUTO SUPPLEMENT, WHETHER THE AUTO SUPPLEMENT OF DEFENDANT MICHIGAN MUTUAL'S POLICY MAY BE REFORMED TO REFLECT THE CONTRACTING PARTIES' (FORD AND MICHIGAN MUTUAL'S ) UNDISPUTED INTENTIONS NOT TO PURCHASE OR PROVIDE SUCH UM/UIM COVERAGE IN THE AUTO SUPPLEMENT?

(D) WHETHER DEFENDANT MICHIGAN MUTUAL IN ISSUING PRIMARY COVERAGE UNDER THE AUTO SUPPLEMENT OF THE POLICY WAS SUBJECT TO AND OBLIGATED TO

---

[1]Further background can be found in our prior opinion. See Tobin I, 398 F.3d at 1269-74.

4

COMPLY WITH THE REQUIREMENTS IN FLA. STAT. § 627.727, AND IF SO, WHETHER AS TO PRIMARY COVERAGE THAT STATUTE APPLIES ONLY TO FORD OR TO THE PLAINTIFFS OR TO BOTH? FURTHER, IF APPLICABLE, DID DEFENDANT MICHIGAN MUTUAL COMPLY WITH FLA. STAT. § 627.727 AND, IF NOT, WHAT IS THE RESULT OF FAILURE TO COMPLY WITH SUCH STATUTORY REQUIREMENTS?

(E) WHETHER DEFENDANT MICHIGAN MUTUAL IN ISSUING THE EXCESS COVERAGE UNDER THE AUTO SUPPLEMENT OF THE POLICY WAS SUBJECT TO AND OBLIGATED TO COMPLY WITH THE REQUIREMENTS IN FLA. STAT. § 627.727, AND IF SO, WHETHER AS TO EXCESS COVERAGE THAT STATUTE APPLIES ONLY TO FORD OR TO THE PLAINTIFFS OR TO BOTH? FURTHER, IF APPLICABLE, DID DEFENDANT MICHIGAN MUTUAL COMPLY WITH FLA. STAT. § 627.727, AND, IF NOT, WHAT IS THE RESULT OF FAILURE TO COMPLY WITH SUCH STATUTORY REQUIREMENTS?

Id.

The Florida Supreme Court chose to answer the certified question by essentially skipping to our sub-issue "C," above. See Tobin v. Mich. Mut. Ins. Co., __ So. 2d __, No. SC05-214, 2006 Fla. LEXIS 2946 (Fla. Dec. 21, 2006). Specifically, the Florida Supreme Court chose to "rephrase the certified question," and addressed the issue of "WHETHER THE PLAINTIFFS ARE ENTITLED TO UNINSURED/UNDERINSURED MOTORIST COVERAGE UNDER THE POLICY AS REFORMED." Id. at *1-2 (emphasis added).

The Florida Supreme Court then determined that the district court properly

5

reformed the policy to reflect the true intent of Ford and Michigan Mutual.  Id. at *9-11.  The Florida Supreme Court further determined that plaintiffs "have no relationship with the [reformed] policy which would allow them to assert any rights under section 627.727 of the Florida Statutes."  Id. at *15.

In light of the Florida Supreme Court's resolution of these issues, the district court correctly reformed the policy and correctly rejected plaintiffs' contention that they are entitled to uninsured motorist coverage under § 627.727.  Accordingly, we affirm the district court's grant of final judgment in favor of Michigan Mutual on all of plaintiffs' claims.

**AFFIRMED.**