ROBERTS, J.
 

 This appeal arises from a final summary judgment determining that coverage existed under a family automobile insurance policy issued by the appellant, Geico Indemnity Company (“Geico”), for an accident involving a rental car. Geico argues that there was no coverage under the policy because the rental car did not qualify as a “temporary substitute auto.” We agree and reverse.
 

 Kutasha Shazier owned a Ford Expedition. The Ford Expedition was covered under the policy issued by Geico to Shazier and her husband. The policy contained a standard “temporary substitute auto” provision which also extended coverage to:
 

 [A] private passenger, farm, or utility auto or trailer, not owned by you, temporarily
 
 used with the permission of the owner.
 
 This vehicle must be used as a substitute for the owned auto or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.
 

 (Emphasis modified.)
 

 When the Ford Expedition began experiencing transmission problems, Shazier rented a Hyundai Sonata (“the rental car”) from Avis Rent-A-Car System, LLC (“Avis”). Pursuant to the rental agreement, Shazier was the only person authorized to drive the rental car. The rental agreement provided in pertinent part:
 

 NO ADDITIONAL OPERATORS ARE AUTHORIZED OR PERMITTED WITHOUT AVIS’ PRIOR WRITTEN APPROVAL IN ACCORDANCE WITH THE TERMS AND CONDITIONS OF THE RENTAL AGREEMENT OR APPLICABLE STATE LAW.
 

 [[Image here]]
 

 15.
 
 Prohibited Use of the Car.
 
 Certain uses of the car and other things you or a driver may do, or fail to do, will violate this agreement. A VIOLATION OF THIS PARAGRAPH, WHICH INCLUDES USE OF THE CAR BY AN UNAUTHORIZED DRIVER, WILL AUTOMATICALLY TERMINATE YOUR RENTALE.]
 

 (Emphasis removed.)
 

 Subsequently, the rental car was involved in an accident while being driven by Tercina Jordan, an unauthorized driver. Six of the passengers in the rental car sustained injuries and one passenger died. The passengers or their representatives brought personal injury actions against Shazier, Jordan, and Avis. Geico, in turn, filed a complaint for declaratory judgment alleging that it owed no duty to defend and/or indemnify because the policy provided no coverage to Shazier or Jordan for the injuries sustained by the passengers. One of the passengers moved for summary judgment on the grounds that coverage existed because the rental car qualified as a “temporary substitute auto.” Geico also moved for summary judgment asserting that no coverage existed because the rental car did not qualify as a “temporary substitute auto” as it was not being used with Avis’s permission. The trial court agreed with the passenger and entered final summary judgment in the passenger’s favor.
 

 Under the policy, in order for coverage to attach in this case, the “temporary substitute auto” must have been used with the
 
 *44
 
 permission of Avis. As the owner, Avis had the authority to define the scope of permissible use of the rental car.
 
 See Duncan Auto Realty, Ltd. v. Allstate Ins. Co.,
 
 754 So.2d 863, 865 (Fla. 3d DCA 2000) (“[T]he owner of the temporary substitute vehicle, not its user, possesses the authority to define the scope of permissible use of the substitute vehicle.”). As evidenced by the rental agreement, Avis did just that. Avis granted Shazier permission to use the rental car so long as she was the only person who did so. Jordan’s use of the rental car automatically revoked the permission granted to Shazier by Avis. Therefore, because it was not being used with Avis’s permission, the rental car did not qualify as a “temporary substitute auto” and no coverage existed under the policy.
 

 Accordingly, we REVERSE and REMAND with directions to the trial court to enter final summary judgment in favor of Geico.
 

 HAWKES, C.J., and CLARK, J., concur.