# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 3, 2010

No. 09-60872

Lyle W. Cayce
Clerk

PROGRESSIVE GULF INSURANCE COMPANY

Plaintiff - Appellee

v.

MARIA PALACIOS ESTATE, deceased; MARIANO PALACIOS; JOANNY MARIANA PALACIOS; C.N.P., a minor, through his natural guardian, Mariano Palacios

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:08-CV-494

Before GARZA and BENAVIDES, Circuit Judges, and CRONE[*], District Judge.

PER CURIAM:[**]

The Estate of Maria Palacios ("Palacios Estate") appeals the district court's denial of its partial summary judgment motion, as well as the district court's grant of Progressive Gulf Insurance Co.'s ("Progressive") summary judgment

---

[*] District Judge of the Eastern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60872

motion. For the following reasons, we AFFIRM in part, and REVERSE and REMAND in part.

Darel Thigpen and his wife founded Glorious One Ministries ("Glorious One"), a transportation ministry whose purpose was to provide transportation to students and team members at the schools where Thigpen worked as headmaster. Progressive insured a 1990 MCI forty-eight passenger bus owned and operated by Glorious One. The MCI bus was used to transport school basketball players to and from tournaments. It served that purpose until breaking down while en route to a tournament. Lacking the funds necessary to make repairs on the MCI bus, Thigpen repaired a fifteen-passenger Chevy van that Glorious One owned, but that had been inoperable, in order to transport the students.[1]

Although the MCI bus remained inoperable, Thigpen renewed the insurance policy on the bus but continued to use the Chevy van for transportation. A few months later, Thigpen was involved in a motor vehicle accident while driving the Chevy van, which resulted in the death of Maria Palacios ("Palacios"). The Palacios Estate filed a wrongful death action against Thigpen, who, in turn, filed a claim for coverage under the Progressive policy.

Shortly thereafter, Progressive filed a declaratory judgment action in the district court, seeking a declaration that it was not required to provide coverage to Thigpen for his use of the Chevy van. The Palacios Estate counter-claimed, seeking, *inter alia*, a declaratory judgment that Progressive was required to provide coverage under its policy. Both claims center on a provision in the insurance contract regarding whether the Chevy van was a "temporary substitute auto" and therefore covered under the insurance agreement. In particular, the policy stipulated Progressive would provide coverage to "[a]ny

---

[1] The Chevy van was not insured during the time period relevant to this dispute.

auto specifically described on the Declaration Page,"[2] including any "temporary substitute autos." "Temporary substitute auto" was defined under the policy as "any auto used, with the permission of its owner, as a substitute for an insured auto that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction."

Both parties moved for summary judgment as to whether the Chevy van was both a "substitute" and a "temporary" vehicle. The district court determined that genuine issues of material fact existed as to whether the Chevy van was a "substitute" vehicle, denying summary judgment for both parties on that issue. However, the district court also found that Thigpen intended to use the van for "an unlimited or indefinite" amount of time and, thus, that there was no genuine issue of material fact as to whether Thigpen's use of the Chevy van was "temporary." Accordingly, the district court granted Progressive's motion for summary judgment.

Progressive also moved for summary judgment on whether the Palacios Estate's claims for contribution and indemnity were foreclosed by the voluntary payment doctrine. The district court denied summary judgment on that issue, finding that factual questions remained on whether recovery was barred by the doctrine.

We review the district court's grant of a FED. R. CIV. P. 56(c) summary judgment motion *de novo*. *In re Egleston*, 448 F.3d 803, 809 (5th Cir. 2006). We will affirm summary judgment if the record reveals no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Croft v. Governor of Tex.*, 562 F.3d 735, 742 (5th Cir. 2009). On cross-motions for summary judgment, we review each party's motion independently, viewing the evidence

---

[2] The parties do not dispute that only the MCI bus was identified on the policy's Declaration Page.

and inferences in the light most favorable to the nonmoving party. *Ford Motor Co. v. Tex Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001).

First, the Palacios Estate appeals the district court's denial of its motion for partial summary judgment on the ground that genuine issues of material fact existed as to whether the Chevy van constituted a "substitute" for the MCI bus. The district court did not err in determining that there are sufficient structural dissimilarities between the two vehicles and conflicting deposition testimony discussing the prior uses of those vehicles to preclude determining as a matter of law that the Chevy van was a "substitute" vehicle. Accordingly, we affirm the district court's denial of the Palacios Estate's motion for summary judgment on this issue.

The Palacios Estate also appeals the district court's grant of summary judgment in favor of Progressive as to whether the Chevy van constituted a "temporary" vehicle. As a federal court sitting in diversity, we look to Mississippi law to construe the insurance policy in this case. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–80 (1938); *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998). No Mississippi case, however, has considered the meaning of "temporary" in the context of insurance coverage for a "temporary substitute vehicle." Courts in other states have analyzed similar provisions, differing significantly on how to construe the term, and many focus on the operator's intent when evaluating the permanency of the substitution. *Compare Armstrong v. Nationwide Mut. Ins. Co.*, 209 S.E. 2d 903, 904 (Va. 1974) (no coverage under temporary substitute vehicle provision where substitute use "was of an unlimited or indefinite duration"), *and Duncan Auto Realty, Ltd., v. Allstate Ins. Co.*, 754 So. 2d 863, 865 (Fla. Dist. Ct. App. 2000) (temporary use "means that a substituted vehicle's use is to be of limited duration, at the conclusion of which the substitute vehicle is to be discarded"), *with Nat'l Indem. Co. v. Ryder Truck Rental, Inc.*, 472 So. 2d 856, 858 (Fla. Dist.

Ct. App. 1985) ("Whether a substitute automobile is used temporarily is a matter of intent, the use being deemed temporary where it was intended not be used permanently."), *and St. Paul Fire & Marine Ins. Co. v. Nyquist*, 175 N.W.2d 494, 497–98 (Minn. 1970) (holding that use of an automobile may be "temporary" even if used for several months, "so long as the owner does not view such use as permanent"). Given the difference of opinion among state courts on how the word "temporary" may be construed within the context of a "temporary substitute vehicle" provision, reasonable minds could differ on interpretation of the term in the insurance policy at issue. Here, we will apply a construction that favors the insured, the Palacios Estate. *See Nationwide Mut. Ins. Co. v. Lake Caroline, Inc.*, 515 F.3d 414, 419 (5th Cir. 2008); *FDIC v. Firemen's Ins. Co.*, 109 F.3d 1084, 1087 (5th Cir. 1987).

This case presents a fact-specific dispute as to whether Thigpen intended to make the necessary repairs to the MCI bus, such that the Chevy van was a "temporary" substitute. Thigpen had been using the Chevy van for nearly fourteen months at the time of the accident giving rise to this case. And, as the district court noted, he could not say when the MCI bus would be repaired. On the other hand, Thigpen renewed his insurance policy with Progressive on the disabled vehicle even though it had become inoperable eleven months earlier. The evidence included an affidavit from one witness who talked with Thigpen at various times about the van's temporary status. And indeed, Thigpen's own affidavit alleged that "[t]he Chevy van was never intended to be a permanent replacement for the MCI bus" and that "[i]t was a temporary substitute vehicle up until [the date of the accident]." We conclude that a genuine issue of material fact exists on the issue of whether Thigpen intended the Chevy van to serve as a "temporary" substitute for the disabled MCI bus, and reverse the district court's grant of summary judgment in favor of Progressive.

No. 09-60872

Last, the Palacios Estate asks us to consider, both substantively and procedurally, the district court's ruling that denied Progressive's motion for summary judgment based on the voluntary payment doctrine. Progressive has not cross-appealed the district court's ruling and we decline the Palacios Estate's invitation to undertake an advisory review of that ruling. Our review of the record reveals no procedural error in the district court's consideration of that motion. *See Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009).

AFFIRMED in part, REVERSED in part, and REMANDED.