CANADY, C.J.,
dissenting.
Because there is no express and direct conflict of decisions underpinning the Court’s review, I would deny review and discharge this case for lack of jurisdiction. See art. V, § 3(b)(3), Fla. Const.
The First District’s decision in Geico Indemnity Co. v. Shazier, 34 So.3d 42 (Fla. 1st DCA 2010), is clearly distinguish *1303 able from our decisions in Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla.1959), and Roth v. Old Republic Insurance Co., 269 So.2d 3 (Fla.1972), on both the facts and the law. Our decisions in the alleged conflict cases specifically addressed and resolved questions regarding a vehicle owner’s vicarious liability under Florida’s dangerous instrumentality doctrine. See Susco, 112 So.2d at 835-37; Roth, 269 So.2d at 6-7. In contrast, the district court in the case on review determined that an insured’s rental car did not qualify as a “temporary substitute auto” under the terms of her personal automobile insurance policy. Geico, 34 So.3d at 43-44. As a result, her policy provided no coverage for the collision involving the rental car. Id. Thus, unlike the alleged conflict cases, the district court’s decision does not involve the liability of either the vehicle owner or its insurer, and the opinion never mentions the concept of ■vicarious liability.
Geico is further distinguishable from our decision in Roth because Roth expressly relied on the Financial Responsibility Law, § 324.151(l)(a), Fla. Stat. (1969), governing insurance coverage required of owners of rental cars. Roth, 269 So.2d at 7 (stating that separate agreement between vehicle owner and lessee “for public policy reasons cannot vary, circumvent or intercept the flow of protection to [the permit-tee] and injured members of the public emanating from the Financial Responsibility Law which was confirmed by the terms of the [insurance] policy”). Geico did not involve that law.
Given the operative facts and the issues addressed in Susco and Roth, those decisions do not expressly and directly conflict with the First District’s decision in Geico. There is no basis for the exercise of jurisdiction. Accordingly, I dissent.
POLSTON, J., concurs.